153 So. 683

## FERNANDEZ v. HANAGRIFF.

No. 31953.

Feb. 26, 1934.

C. A. Blanchard, of Morgan City, for appellant.

Brumby & Bauer, of Franklin, for appellee.

ODOM, Justice.

This is a slander suit predicated on two alleged utterances by defendant, which plaintiff says damaged him to the extent of $10,000. One of these is abandoned by plaintiff. The one which he relies upon is as follows:

"Said Numa E. Hanagriff without any just cause or provocation, did tell Hon. Charles

Pecot, Sheriff of the Parish of St. Mary, and Mr. Gabie Pecot, Deputy Sheriff of the said Parish of St. Mary, that your petitioner had told him, the said Numa E. Hanagriff over the telephone, that had he, your petitioner known that Mr. Gabie Pecot, Deputy Sheriff had clubbed a negro, Alcide Johnson, said Alcide Johnson being charged with petty larceny as a result of the theft of some chickens, over the head with his, Mr. Gabie Pecot's gun, and that if he, your petitioner, could have seen and spoken to the said negro, Alcide Johnson, before he was arraigned and before he entered a plea of 'Guilty as charged,' that he, your petitioner would have advised the said Aclide Johnson to enter a plea of 'not guilty,' because the confession secured by the said Mr. Gabie Pecot was illegally secured, due to the fact that the said Alcide Johnson had been beaten and clubbed."

As this sentence is rather long and somewhat involved, we paraphrase it, setting out what we understand to be plaintiff's complaint against the defendant. He says, in substance, that defendant told Sheriff Pecot and his deputies that he, plaintiff, had said to defendant that, if he had known that the confession made by Alcide Johnson was made after the said Johnson had been clubbed by a deputy sheriff, he would have advised the said Johnson to plead not guilty, because the confession secured by the deputy was not voluntary.

The defendant admitted that he told the sheriff what the plaintiff says he did, but that his statements to the sheriff were true, and further that even if such statement had been false, it was not slanderous and could not and did not in any manner injure the plaintiff.

The trial judge rejected the plaintiff's demands, and he prosecuted this appeal from that judgment.

The record shows that the plaintiff, Mr. Fernandez, is an attorney at law and is engaged in the practice of his profession as well as the mercantile business. Reports had been made to Sheriff Pecot and his deputies that a colored man, named Alcide Johnson, was habitually stealing chickens and the sheriff set about to obtain evidence. The colored man was arrested and placed in jail. It seems that the relatives and friends of Johnson interviewed the plaintiff with the view of employing plaintiff to defend him. After investigating the case, however, Mr. Fernandez, the plaintiff, found that Johnson had confessed, whereupon plaintiff advised him to plead guilty. Johnson was given a light sentence due to the fact that he was charged only with a misdemeanor. The sheriff, it seems, thought that inasmuch as reports had come to him that Johnson was a notorious chicken thief, it would be well to make further investigation and, if possible, obtain evidence to support a more serious charge than that which had previously been made against him, and, if possible, send him to the penitentiary. For this purpose he sent Mr. Hanagriff, the defendant, who was acting as a deputy sheriff, to see Mr. Fernandez and others in order to ascertain if additional testimony could be obtained against the defendant Johnson. The defendant Hanagriff says that he had a telephone conversation with Mr. Fernandez in which Fernandez told

him that he knew of no additional testimony which could be obtained and furthermore that if he had known that Johnson had been clubbed into making the confession which he did, he would not have advised him to plead guilty. Mr. Hanagriff testified positively that Mr. Fernandez made in substance such a statement to him and he admitted that he told Sheriff Pecot so. While Mr. Fernandez admits that he had a telephone conversation with the defendant about the matter, yet he denies that he made the statement with reference to the clubbing of Johnson.

The district judge was not convinced that the statement which Hanagriff made with reference to the conversation which he had with the plaintiff was untrue. The defendant, Hanagriff, was shown to be a man of good reputation, having been a magistrate in his ward for many years and having served as deputy sheriff on many occasions. There was no reason shown why he should deliberately swear falsely or why he should be untruthful in his statements to the sheriff. He did not make public the conversation which he had with the plaintiff, but merely repeated it to the sheriff in the course of his official duties while making his report of the investigation which the sheriff had ordered him to make. It seems that one or two persons were present in plaintiff's place of business while he was talking to the defendant over the telephone. These overheard in part what plaintiff said, and, while they stated that they did not hear Mr. Fernandez make reference to the clubbing of the negro, they could not be positive that he did not make such statement.

Our reading of the record has not convinced us that the plaintiff did not tell Hanagriff what Hanagriff says he did.

However, if it be conceded that what the defendant said to the sheriff concerning this conversation be untrue, we think the remarks were not slanderous and certainly no injury to the plaintiff could result therefrom. The statement attributed to the defendant could have resulted in no injury to plaintiff because no reputable attorney would advise his client to enter a plea of guilty because of a confession previously made if the attorney knew at the time that the confession had been extorted. It is rather to the credit of an attorney to advise his client as plaintiff says he would have advised Johnson had he known that his confession was not voluntary.

We quite agree with the trial judge that plaintiff failed to make out his case. The judgment appealed from is affirmed.

ST. PAUL, J., absent.