## NAGLE v. SHREVEPORT JOURNAL PUB. CO., Inc.*

### No. 5303.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

Isaac Abramson, of Shreveport, for appellant.

E. W. & P. N. Browne, of Shreveport, for appellee.

HAMITER, Judge.

An alleged libelous statement referring to plaintiff, published in the June 28, 1934, issue of the Shreveport Journal, prompted the institution of this suit.

*Rehearing denied Dec. 11, 1936.

The petition recites that plaintiff, by reason of the statement, has suffered a loss in her business income of not less than $1,500, and that "because of the humiliation, mental suffering, shame and social ostracism, as above set ·forth, your petitioner has been damaged in the further sum of $3500.00." The prayer is for judgment in the total sum of $5,000.

At the commencement of the trial of the case on its merits, plaintiff withdrew the demand for damages for loss of business, thus leaving her claim in the amount of $3,500.

This appeal is from a judgment rejecting plaintiff's demands and dismissing the suit at her cost.

Appellee suggests that this court is without jurisdiction ratione materiæ, to try and determine the issues herein, and has filed and urged a motion to dismiss the appeal or transfer it to the Louisiana Supreme Court.

The highest court of this state is vested with appellate jurisdiction in civil suits where the amount in dispute exceeds $2,000, exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances, and also except in suits for compensation under any state or federal workmen's compensation law, or employers' liability act. Const.1921, art. 7, § 10.

The damages claimed by plaintiff in this case, as previously stated, are for humiliation, mental suffering, shame, and social ostracism. As they are fixed at an amount in excess of $2,000, exclusive of interest, and are not embraced or provided for in the aforementioned exceptions, the appeal herein is obviously one for the consideration of the Supreme Court.

The case of Spearman v. Toye Bros. Auto & Taxicab Co., Inc., 164 La. 677, 114 So. 591, 592, involved an action for assault causing humiliation, mortification, mental pain, and anguish, but not physical injuries. It was said by the Supreme Court, in its opinion therein, that: "As the wrong complained of in this case, if it occurred, did not cause physical injury to the plaintiff, and as the amount in dispute exceeds $2000, exclusive of interest, the appeal is within the jurisdiction of this court, and not of the Court of Appeal."

The Court of Appeal of the First Circuit, in Fernandez v. Hannagriff, 141 So. 469, declined jurisdiction of an appeal from a judgment of the trial court dismissing plaintiff's slander suit in which he sought damages to his name, fame, credit, and reputation on the sum of $10,000. In transferring the case to the Supreme Court, it was said: "Slander of one's good name is not a physical injury, nor does it give rise to damages by reason of physical injury. It is obvious, therefore, that this court must decline jurisdiction." Thereafter, the appeal was entertained and acted upon by the Supreme Court, as is shown by its opinion reported as Fernandez v. Hanagriff, 179 La. 175, 153 So. 683.

Our attention has been directed by appellant to the per curiam of the Orleans Court of Appeal in Trascher v. Johnson, 163 So. 431. Therein that court denied a motion to dismiss the appeal, which involved an action for damages for slander, and said: "It is true that in the prayer of the petition the plaintiff fixes his damages in the sum of $25,000, but since under the jurisprudence of this state no award of damages, upon a similar cause of action, has ever been approved in excess of the sum of $2,000, the maximum limit of our jurisdiction, we are ·of the opinion that the demand of the plaintiff in this· case is inflated, and that the real amount in controversy is well within our jurisdiction."

The ruling in the Trascher Case does not appear to us to be in accord with the constitutional directions and settled jurisprudence of this state governing the question under consideration, and we are unable to follow it.

Accordingly, it is ordered, adjudged, and decreed that this case be transferred to the Supreme Court of Louisiana, pursuant to the provisions of Act No. 19 of 1912; that a period of 60 days is granted for the perfecting of the transfer, dating from the finality of this judgment; that on failure to make the transfer within that period, the appeal shall be considered dismissed.

The costs of the appeal to this court shall be paid by appellant, while all other costs shall await the final disposition of the case.