## LAZARONE v. HIRAM WALKER, Inc.

### No. 5702.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

J. V. Thompson, of Alexandria, for appellant.

Overton, McSween & Overton, of Alexandria, for appellee.

TALIAFERRO, Judge.

Plaintiff appealed from a judgment sustaining an exception of no cause and no right of action, leveled against his petition, and dismissal of his suit. He prayed for judgment for $2,500. We have reached the conclusion that this court is without jurisdiction ratione materiae of the appeal. In support of this conclusion and to here

clearly reflect the alleged cause of action, the petition in the main is reproduced:

"The petition of Sam Lazarone, a citizen and resident of the Parish of Rapides, State of Louisiana, with respect represents:

"1. That Hiram Walker, Incorporated, defendant herein, a corporation organized under the laws of the state of Delaware, its principal office being at Wilmington, Delaware; that said corporation is authorized to do business in the state of Louisiana, is presently engaged in the spiritous liquor business in the state of Louisiana and has designated Messrs. Walker B. Spencer, Philip S. Gidiere, Esmond Phelps and Charles E. Dunbar, Jr., of New Orleans, Louisiana, as its agents for the service of all process.

"2. That the said Hiram Walker Incorporated, is justly, truly and legally indebted unto your petitioner, Sam Lazarone, in the full sum of $2,500.00, with legal interest thereon from date of judicial demand, for this to-wit:

"3. That the said Hiram Walker Incorporated, is engaged in the business of distributing liquors, whiskies and intoxicating beverages in the state of Louisiana and throughout the United States of America; that said defendant corporation was particularly interested in distributing and placing before the American public a brand of whiskey produced by it and known as the 'New Ten High', a two years old bourbon whiskey.

"4. Petitioner now shows that the defendant, Hiram Walker, Incorporated, in order to place this 'New Ten High' whiskey before the American public, caused to be published, printed and circulated an advertisement extolling its qualities by reproducing in circular form statements, purportingly made by dealers and distributors of liquors operating throughout the United States of America, which circular attached hereto, incorporated herein and made part hereof as if the same were totally written herein.

"5. Your petitioner, Sam Lazarone, now shows that he is the owner and that he has been engaged in the bar and sandwich shop business in the city of Alexandria, for the past several years; that he operates this business under the trade name of 'The Lazarone Drive-Inn Bar and Sandwich Shop'; and that his business has been profitable under his management and that it has been his policy to withhold his endorsement from the products of any particular company.

"6. That said circular herein before referred to in paragraph 4 of plaintiff's petition carried the purported endorsement and testimonial of your petitioner, Sam Lazarone of the Lazarone Drive-Inn Bar and Sandwich Shop, in the following manner and words, to-wit:

"'I find after only having stocked your new Ten High two years' Bourbon for only two weeks, I really take pleasure in stating that without a doubt to me it's the best flavored whiskey I have ever tasted in that price range.

"'Sam Lozorone
"'Lozorone's Drive Inn, Alexandria, La.'

"The testimonial herein referred to petitioner's place of business and name attached thereto could not be any other than Sam Lazarone, your petitioner's name and business as it is identified as the Lazarone Drive-Inn of Alexandria, Louisiana.

"7. Petitioner alleges upon information and belief that the said circular carrying his purported testimonial and endorsement of the New Ten High Hiram Walker whiskey was given national circulation throughout the United States of America all to the benefit of the defendant and to the detriment of your petitioner.

"8. Petitioner now shows that he did not authorize or assent in any manner to the use of his name or that of his business which appeared in the circular published, printed and circulated by Hiram Walker, Incorporated, defendant herein, which circular bore his name and the name of his business, and that such publication was unwarranted usurpation of his name and interference with his business.

"9. Petitioner further shows that the purported endorsement and testimonial bearing his name was to the effect that he consumed whiskey in sufficient quantities to be a judge of its quality, when in fact your petitioner is a total abstainer from spiritous liquors in any form; and among his acquaintances and patrons that he does abstain from liquor is generally believed by them.

"10. That a copy of the publication heretofore mentioned and circulated during the year 1937 A. D., by said defendant, Hiram Walker, Incorporated, was presented to your petitioner by the representative of a company engaged in the business of distributing liquors; and which said com-

pany's products your petitioner had refused to endorse in keeping with the policy and management of his business and that such a circumstance was to the inconvenience, embarrassment and detriment of your petitioner.

"11. Petitioner further shows that he bears a good reputation for honesty, truth, veracity and fair dealing among all who know him or come to his place of business in the city of Alexandria, Louisiana, and that the purported endorsement and testimonial circulated by the defendant, Hiram Walker, Incorporated, has invaded his right of privacy, caused him embarrassment and discomfort, damaged his reputation and character, as well as usurping and using his name and that of his business and interfering with the same, for the benefit of the defendant and to the detriment of your petitioner in the sum of $2500.00, as itemized below, to-wit:

| | | |
|---|---|---|
| (1) | Invasion of privacy....... | $ 500.00 |
| (2) | Embarrassment and discomfort ................. | 250.00 |
| (3) | Damage to reputation and character ............:... | 500.00 |
| (4) | Unauthorized · usurpation and use of his name, that of his business and interference with the same.... | 1,250.00 |
| | Total .............. | $2,500.00" |

 Section 10 of Article 7 of the Constitution prescribing the appellate jurisdiction of the Supreme Court, in part, reads as follows:

"It shall have jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, *except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances* * * *."

Appellate jurisdiction of appeals embracing actions falling within the italicized exception, regardless of the amount involved, is vested in this court; but it clearly appears that plaintiff is not suing to recover any amount on account of physical injuries sustained by him. His action partakes of the nature of a suit for damages on the grounds of slander and defamation. We have no appellate jurisdiction of such actions wherein the amount involved exceeds two thousand dollars. See Nagle v. Shreveport Journal Publishing Company, Inc., La.App., 170 So. 270, 271, and cases therein cited. Also Searcy v. Interurban Transportation Company et al., 189 La. 183, 179 So. 75, and Id., La.App., 179 So. 93.

Accordingly, it is now ordered that this case be transferred to the Supreme Court of the state, pursuant to the provisions of Act No. 19 of 1912, and that a period of sixty (60) days is hereby granted in which to perfect the transfer, dating from the finality of this order. It is further ordered that if said transfer be not perfected within said time, the appeal taken herein shall be deemed to have been abandoned. Costs incurred in this court are assessed against appellant; and other costs shall await the final disposition of the case.