Plaintiff's suit is for damages allegedly sustained by him from being maliciously and wrongfully arrested and thrown in jail by the defendants or one of them acting in concert with the others. The gravamen of his complaint is reflected from Articles 13 and 14 of the petition, which we quote, to-wit:
"Petitioner further shows and avers that by reason of said malicious and unfounded arrest and imprisonment, which was widely publicized among the people where he resided in Tensas Parish, Louisiana, he has suffered loss of reputation, insult, humiliation and anxiety of mind, as well as anxiety of mind over his physical condition resulting from said imprisonment, and has been damaged thereby in the sum of $2,500.00.
"Petitioner further shows and avers that by reason of the malice, bad motives, wantonness, negligence, oppression and the total careless disregard for another's rights, shown by the said defendants, in this malicious and unfounded arrest and imprisonment, petitioner has been damaged in the further sum of $2,500.00, and is therefore, entitled to a further decree in the sum of $2,500.00 as exemplary and punitory damages."
Issue was joined by answer and the case was tried upon the issues tendered by the pleadings. Plaintiff's demand was rejected and his suit dismissed. He appealed to this court.
During argument of appellant's counsel the apparent lack of jurisdiction of this court of the subject matter involved was called to his attention. He and counsel for the defendants concurred in the court's suggestion that the appeal had been erroneously lodged here.
The amount sued for is very much in excess of $2,000. The damages sought did not result from physical injuries.
Under the unambiguous language of Article 7, Section 10, of the Constitution, wherein the appellate jurisdiction of the Supreme Court is defined, jurisdiction of the present appeal reposes in that court. Spearman v. Toye Bros. Auto Taxicab Co., Inc.,164 La. 677, 114 So. 591; Newsom v. Starns et al., 174 La. 955,142 So. 138; Clarke v. Bandelin, 6 La.App. 564; Searcy v. Interurban Transportation Co., Inc., et al., La.App., 179 So. 93. *Page 851 
The appeal, pursuant to Act No. 19 of 1912, will be transferred to the Supreme Court.
For the reasons herein assigned, the appeal in this case is hereby transferred to the Supreme Court and appellant is accorded sixty days from finality of this order in which to file transcript in that court; and upon his failure to do so within said period, he will be deemed, held and considered for all purposes to have abandoned his appeal.
Appellant is cast for costs in this court.