ELLIS, Judge.
This suit arose out of an alleged wrongful seizure of the plaintiff’s air conditioner. Plaintiffs sought damages arising from the alleged seizure in the amount of $200 per month from August 1, 1958 until the air conditioner is returned or until the value of the air conditioner is paid, plus $5,000 damages for humiliation and embarrassment. The lower court rejected the demands of the plaintiffs and they appeal from this adverse judgment.
Subsequent to the filing of the appeal in this court, plaintiffs filed a motion to transfer this case to the Supreme Court of the State of Louisiana under the authority of Louisiana Constitution of 1921, Article VII, Section 10, L.S.A.
In their memorandum for the sup-, port of their motion to transfer they contend that the jurisprudence fully supports their motion to transfer since suits for defamation of character, false arrest and imprisonment, damages to reputation and suits of this nature do not fall within the constitutional article in that they could not be classed as “physical injuries.” In support of this contention plaintiffs cite Lazarone v. Hiram Walker, Inc., La.App., 182 So. 341; Barfield v. Marron, La.App., 17 So.2d 850; Spearman v. Toye Bros. Auto & Taxicab Company, 164 La. 667, 114 So. 591 and several other cases. However, these cases are not authority on the real question at issue on plaintiffs’ motion to transfer. Those cases are correct insofar as damages to reputation, humiliation, or defamation of character are concerned. Such suits shall be appealed to the Supreme Court where the amount in dispute exceeds $2,000. Since plaintiffs have sued for loss of use of an air conditioner, inconvenience and humiliation and embarrassment, if the record supports these damages in the amounts claimed, then plaintiffs’ motion to transfer should be granted. It is *168 well settled that in determining the question of jurisdiction of the Supreme Court, particularly concerning the amount in dispute, the court is not bound to accept the allegations of plaintiffs petition, but will look into the record to ascertain the amount of dispute. Breaux v. Simon and cases cited therein, 235 La. 453, 104 So.2d 168.
From the very nature of this type of action part of the damages for the wrongful seizure will be fixed at the value of the items seized. Grandeson v. International Harvester Credit Company, 223 La. 504, 66 So.2d 317, 319, a portion of which we quote:
“ * * * Damages must be based on the result or the consequences of an injury flowing from the act of commission. No necessity arises for argument with respect to actual damages except as to the computation of the quantum. In the instant case, the actual damage is the value of the refrigerator at the time of its> removal, which the trial court fixed at $160 and for all other damages sustained, it awarded $150. We find no fault with these amounts.”
The record reflects the value of the air conditioner allegedly seized as $1,540 áccording to plaintiffs’ petition. The humiliation and embarrassment allegedly suffered does not reflect any publicity or general knowledge of the alleged seizure in any persons other than the plaintiffs’ real estate agent.
Damages allowed for humiliation and embarrassment for this type of wrongful seizure in cases with similar facts are usually in the sum of approximately $100 to $200. Robinson v. Hook, La.App., 1 So.2d 336; Grandeson v. International Harvester, cited supra.
The record shows that the air conditioner was voluntarily returned to the plaintiff, therefore, any damages he might claim equal to the value of the machine were nullified.
It should be noted that in cases where the value of the seized articles was allowed as an item of damages, the property was kept or converted to the use of the party making the wrongful seizure. In the case at bar there was no such keeping and the only damage that plaintiff complains of is the embarrassment and humiliation, as well as the claim for loss of income.
We find that the plaintiff’s claims for loss of income and for the value of the air conditioner are unsupported by the record, and, therefore, the amount in dispute would be from $150 to $200 for embarrassment and humiliation. Plaintiff’s motion for transfer is therefore denied.