*WESTERN DIST.*
*October,* 1839.

KERR
*vs.*
KERR ET AL.

---

## KERR *VS.* KERR ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF CARROLL.

Where the widow sues to recover certain property under her marriage contract, which she alleges was given to her by her husband, but is withheld and sold by the administrator and heirs: *Held,* that it is an

action to recover property *under a title*, and not a partition, and the Probate Court is without jurisdiction.

Where the court is without jurisdiction *ratione materiæ*, no consent can give it, and the court is bound to notice it *ex officio*, even when no plea to the jurisdiction is filed.

The plaintiff, who is the surviving widow of General Joseph Kerr, deceased, alleges that, by a marriage contract between them, she is entitled to certain property remaining in the succession as her own separate property, but that the defendant, James D. Kerr, administrator and son of the deceased, advertised all the property (including that claimed by petitioner) for sale. She alleges, that all these proceedings are illegal, and prays that the administrator and heirs of General Kerr be cited, and that she have her property partitioned and set off contradictorily with them. She annexes the marriage contract, which designates the property she claims.

The defendants averred that the property had been sold and passed into the hands of a third possessor; and that she could not recover on the marriage contract, for sundry reasons which are stated.

The inventory of the estate of Joseph Kerr, deceased, showed that it consisted of land valued at ten hundred and forty dollars, and the balance in stock, farming utensils, &c.

On the trial, the probate judge was of opinion that the suit involved title to real property, which he was without jurisdiction to try, and dismissed the suit. The plaintiff appealed.

*Selby*, for the plaintiff, insisted that this was a suit for a partition, by the widow against the administrator and heirs of Kerr, deceased, to have her own separate property set off to her, and is properly brought in the Probate Court. It is emphatically an action for the partition of a succession, still in a process of administration, and contradictorily with the heirs. *Code of Practice*, 924, *No.* 14—1021.

2. This suit is to annul the proceedings in the Probate Court, as irregular and illegal, and is properly brought in

that court. The Probate Court has authority to annul a decree which it has rendered. *8 Martin, N. S.,* 518. *1 Louisiana Reports,* 18.

3. The administrator has not yet rendered any account, and all the property of the succession is still in the Probate Court, and subject to its action on all claims against the succession. *Code of Practice,* 996. *10 Louisiana Reports,* 425.

*Copley,* for the defendants.

*Morphy, J.,* delivered the opinion of the court.

The plaintiff alleges that she is the widow of Joseph Kerr; that, by her marriage contract, her said husband settled on and donated to her certain immoveable property therein described; that the defendant, having been appointed administrator to her said husband's estate, has advertised for sale the property thus belonging to her, together with the other property of the deceased; that no inventory has been made; that all the proceedings are irregular and void, and that the defendant has no right to sell her said property. She concludes with a prayer that the aforesaid property be not sold, but be partitioned and assigned to her as her own, by the decree of the court. The defendant, and the other heirs at law of the deceased, aver that the property claimed has been sold, and has passed into the hands of third persons; and they set up divers other matters of defence, all tending to deny her title to the property.

Under these pleadings, the judge *a quo* refused to pass on the merits of the issue placed before him, and, from this refusal, the plaintiff appeals.

It is evident that the plaintiff's object is to recover certain property, and not to obtain a partition, as contended for. It is also clear that the Court of Probates cannot inquire directly into the title to real estate, though there are cases in which it may be done incidentally for certain purposes. No plea to the jurisdiction was made by the defendants, but the want of jurisdiction in this case being *ratione materiæ*, no consent could give it, and the judge was bound to notice it *ex officio. Code of Practice,* 925. *3 Louisiana Reports,* 514.

*Marginal notes:*

WESTERN DIST.

October, 1839.

KERR
*vs.*
KERR ET AL.

Where the widow sues to recover certain property under her marriage contract, which she alleges was given to her by her husband, but is withheld and sold by the administrator and heirs: *Held,* that

WESTERN DIST.
October, 1839.

Where the court is without jurisdiction *ratione materiæ,* no consent can give it, and the court is bound to notice it *ex officio,* even when no plea to the jurisdiction is filed.

An attempt has been made to show that this is, in fact, an action to annul all the proceedings that had taken place. We find in the petition an allegation to that effect, but there is no corresponding prayer for the nullity of the proceedings, except as relates to the sale of the property claimed. We infer from the whole tenor of the petition, taken together, that the allegation of the nullity of all the proceedings was merely incidental to the principal demand, to wit, the recovery of the property. We are of opinion, that the court below did not err in declining jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.