## No. 9571.

BRIDGET TAGUE vs. ROYAL INSURANCE COMPANY OF LIVERPOOL AND LONDON ET AL.

No appeal lies to this Court in a case in which plaintiff claims less than $2,000, on distinct contracts, from each of several defendants, not bound jointly or severally, though five in number, and the claim against each nears $1,000, aggregating together some $5,000. Consent cannot confer jurisdiction *ratione materiæ*.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*J. Timony* for Plaintiff and Appellant.

*Breaux & Hall* for Defendants and Appellees.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. We have no jurisdiction *ratione materiæ* over this controversy.

The plaintiff sues on five different insurance policies, to recover from each of the five defendant companies a sum less than one thousand dollars.

The companies, if bound, are liable neither jointly nor severally for the same amount.

The insurance was effected separately on property valued at $5,000, one-fifth in each company.

It has been held, in similar cases, that jurisdiction did not attach. 4 R. 319; 5 N. S. 87.

In the earlier case, the Court said: "The attempt made by this mode of proceeding to obtain a review of these judgments and to have their nullity established, is an attempt to have that done indirectly which the law will not permit to be done directly."

In the last case, the Court said: "The appellants contend that, as the plaintiff has joined them in the same suit, he has himself made a case, which authorizes them to appeal. We are of a different opinion. If a separate suit had been instituted against each appellant, * * * it is very clear no one of them would have been entitled to an appeal, and we do not see that the joining of them in one suit makes any difference as to their rights. If they thought their rights endangered by being all joined in the same suit, the appellants ought to have objected in the lower court and not have reserved their objections for this tribunal."

This doctrine has since been uniformly recognized and applied. 5 R. 120; 10 Ann. 78; 28 Ann. 172; 30 Ann. 609; 33 Ann. 806.

It is a principle too firmly settled to be questioned, that, however formal or disguised, consent cannot confer jurisdiction *ratione materiæ*.

In the instant controversy, the plaintiff does not ask a judgment for a sum "*exceeding two thousand dollars;*" but for $970 only, against each company named.

This Court can therefore in no possible aspect render a judgment exceeding the lower limit of its jurisdiction against either or all the companies, between whom there exists no privity and who are bound, if liable, neither jointly nor severally.　Const. Art. 81.

It is therefore ordered and decreed that the appeal to this Court be dismissed with costs.