### No. 9909.

HEIRS OF GEE VS. G. W. THOMPSON.—ON THIRD OPPOSITIONS.

The Supreme Court has no jurisdiction over a controversy for the distribution of the proceeds of a judicial sale made to satisfy a judgment creditor, where the claim of the latter does not exceed $2000, the amount of the sale is less than that sum and the aggregate of the sums claimed by the third opponents is inferior to the proceeds of sale.

Consent cannot confer jurisdiction *ratione materiæ*.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*Jack & Dismukes* for Plaintiffs and Appellants.

*Scarborough & Carver* for Intervenors and Appellees.

---

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The heirs of Gee move to dismiss this appeal, on the ground that the amount in dispute, or the fund to be distributed does not exceed $2000.

As judgment creditors of Thompson for $1800, they seized property of his, which, when sold, realized $1925.27, out of which some $32 were paid to laborers who had recovered judgment in another case which is not before the Court.

Three of Thompson's creditors have filed third oppositions for payment, by preference, of sums aggregating $1253.83.

Counsel for the third opponents who are appellants, contend tha

Heirs of Gee vs. Thompson.

although it be true that the cotton seized, realized the stated sum $1925.27, still, as that circumstance only appears from accounts of sale filed *after* judgment and appeal, it ought not to be a factor in the matter, *because*, by agreement, the cotton was estimated at $35 per bale, making $2275, as the basis for trial and distribution.

If this were so, it would be no answer to the charge that the fund to be distributed does not exceed $2000 and that this Court has no jurisdiction over it.

It is a well settled rule of practice that, where the matter in dispute does not appear from the pleadings or evidence to exceed $2000, proof of some kind, even an *affidavit* may be offered, either before or after appeal, to show the fact.

There is no reason why a similar practice should not likewise prevail, to show that the property seized, though valued, during the trial, at *more* than $2000, has subsequently, when sold, realized *less* than that amount.

The fact of the sale and of the sum realized thereby, which constitutes the fund to be distributed, may be shown by like proof and *affidavit*.

In the present instance, it appears not only by the accounts of sale, but also by *affidavit* and by what is stronger and conclusive, by the admission of the appellants themselves, that the proceeds of sale amount to some $1600 only, which is the fund to be distributed.

The agreement, to which appellants refer, was made, in the course of the trial of another case, not before the Court now, to authorize the sheriff to settle with hands in accordance with the decree to be rendered in that case and to direct payment *pro rata* with the amount realized, whether the cotton brought more or less than $35 a bale.

Even if made in this case, on the trial of the oppositions of the appellants, it could prove of no relief to them, so far as the jurisdiction of this Court is concerned.

Conventions of parties, whatever they be, cannot vest this Court with jurisdiction over a controversy, when, under the facts, the Constitution says it shall have none *ratione materiæ*.

As from no standpoint, can this Court render a judgment affecting fund exceeding $2000, it is manifest that it has no jurisdiction over the controversy.

Appeal dismissed.

Watkins, J. recused.