## No. 13,192.

HIBERNIA NATIONAL BANK VS. STANDARD GUANO CHEMICAL AND MANUFACTURING CO.

### SYLLABUS.

1. JURISDICTION.—The District Court had jurisdiction to decree that a judgment pronounced on appeal was an absolute nullity.
2. NOT RES ADJUDICATA.—The judgment did not have the authority of a thing adjudged, if it was rendered by a court without jurisdiction.
3. COURT A QUA.—After a case has been remanded for execution, in so far as relates to the question of its absolute nullity *vel non,* the court to which it is remanded has jurisdiction.

ON APPEAL from the Third Judicial District Court for the Parish of Claiborne. *Barksdale, J.*

*John A. Richardson* for Plaintiff, Appellant.

*J. W. Holbert* and *J. E. Moore* for Defendant, Appellee.

Argued and submitted May 31, 1899.
Opinion handed down June 12, 1899.

The opinion of the court was delivered by .

BREAUX, J. This is a suit to have decreed as void a judgment rendered by the Court of Appeals in favor of the defendant, the Standard Guano and Chemical Manufacturing Co.

This company brought suit to annul a mortgage given to secure a note for the sum of seven thousand dollars, on the ground that it was a simulation, and if it was not, then that it was given in fraud of creditors.

The defendant in that suit, who is the plaintiff in the present action,

interposed the prescription of one year in bar of plaintiff's action. This plea was referred by the court to the merits, and in its answer the defendant pleaded its good faith and claimed ownership of the property.

In the District Court the prayer of the Standard Guano Company was rejected, but on appeal by this company to the Court of Appeals, the judgment of the District Court was reversed, and the court decided that the note and mortgage claimed by plaintiff (whose right to the note and mortgage was recognized in the District Court), were null and void for the reason that they were simulated.

The following is copied from the opinion of the Court of Appeals:

"The assignors to plaintiff here and the plaintiff knew at the time of the insolvency of Caldwell (the vendor), and of the simulated and fraudulent object and purpose existing between said parties in the making and execution of said deed and note, and the motives and purposes of said Flower, King and Putnam in making the transfer to the bank."

"A proper disposition of the case, in our opinion, involves the consideration of three propositions:

"First: Is the plaintiff's right of action as against the bank barred by the prescription of one year?

"Second: The purposes and motives of Caldwell and Flower, King and Putnam in the execution of the original mortgage, and under the state of facts exhibited by the record the right of plaintiff to recover.

"Third: The nature and character of the transaction between Flower, King and Putnam and the bank in the transfer of the mortgage note, and whether the same can be reached and remedied by the revocatory action."

Taking the foregoing as a basis, the court decreed that transfer of the note from Flower, King and Putnam for the amount of seven thousand dollars to the Hibernia National Bank was *simulated* and absolutely null and void. (Italics ours).

Plaintiff in the suit before us avers that the judgment of the Court of Appeals is void, as the court had no jurisdiction of the question of simulation.

The defendant, the Standard Guano and Chemical Manufacturing Co., filed an exception, in which it alleged that plaintiff's petition discloses no cause of action; that the District Court was without juris-

diction; and that action to annul must be brought in the court in which the judgment was rendered. It also pleaded estoppel, want of proper parties and *res judicata.*

After hearing this exception the District Court rejected the demand of plaintiff and dismissed its suit.

From the judgment plaintiff appealed.

1st. Jurisdiction of the District Court *vel non* is the only important issue. If that court had jurisdiction, all the other grounds set forth in the exception are without merit.

Defendant, The Standard Guano and Chemical Manufacturing Company, concedes this and avers the exception: that the District Court had no jurisdiction to annul a judgment of the Court of Appeals, as practically the only exception filed. We do not hesitate to say if that court had jurisdiction all the other grounds set forth are as naught, in our opinion.

While it is true that generally the judgment of an appellate court rendered on appeal from the District Court cannot be attacked in the District Court, a case may arise of absolute nullity, growing out of the complete absence of all jurisdiction, as made to appear on the face of the papers, which may be attacked before the court of the first instance. We concede that such cases are quite exceptional, and yet they may none the less arise. If the court exceeded its powers and passed upon a *res* manifestly not within its jurisdiction *ratione materiae,* the judgment can be attacked.

We do not understand, in this case, that admissions were made as to the amount or issues involved, or that the parties have estopped themselves, by their pleadings, from setting up an absolute nullity. If they have, that may be hereafter considered; just now, we are dealing with the question whether a judgment on appeal rendered by a court without jurisdiction *ratione materiae* can be attacked before the court in which the judgment appealed from was rendered. We have already indicated, that, in our judgment, an affirmative answer is the correct answer.

Second: With reference to *res judicata,* it is true that courts will not reopen questions once settled and that the greatest importance is given to the authority of the thing adjudged, unless it be manifest that the judgment is an absolute nullity upon the face of the papers. If the court was without jurisdiction, no judgment at all was rendered.

The Code of Practice lays down the rule regarding the incompe-
tency of a court without jurisdiction *ratione materiae,* as follows:
"Where the judgment, though clothed with all the necessary formali-
ties, has, nevertheless, been given by a judge incompetent to try the
suit, owing to the amount," etc., the judgment is absolutely null.  A. t.
606.

We think that it is equally as conclusive that the absolute nullity
may be passed upon in a tribunal of original jurisdiction, when an
attempt is made to execute the judgment, and that it may also be
passed upon in a direct action brought to have the absolute nullity
decreed.

Third:  This action of nullity may properly be brought in the court
to which the case was remanded for execution, and which has charge
of the execution of the judgment.  It may well be held that the judg-
ment becomes the judgment of the court *a qua* after the case has been
remanded, and no good reason suggests itself why it should not be
subject to attack when it is manifest that the judgment is an absolute
nullity.

It is therefore ordered, adjudged and decreed that the judgment ap-
pealed from in this case, be avoided, annulled and reversed; that the
case be reinstated on the docket and that the trial be proceeded with in
accordance with the views before expressed.  The cost of appeal to be
paid by the defendant and appellee, and the cost of the District Court
to abide the final determination of the suit.