## BANK OF WINNFIELD v. MELTON.
### No. 4305.

Court of Appeal of Louisiana. Second Circuit.

June 15, 1932.

A. A. Moss, of Winnfield, for appellant.

Cas Moss, of Winnfield, for appellee.

PALMER, J.

As judgment creditor of defendant, plaintiff sues to annul and cancel an act of mortgage executed by the defendant on December 27, 1930, covering real estate in the parish of Winn, La., and securing the payment of a promissory note of $10,000, issued to his order and by him indorsed in blank.

On March 10, 1930, defendant and four other persons executed to the order of plaintiff their promissory note for $15,000, in which each of the makers is bound in solido for the payment of the obligation. The note is stipulated to become due January 1, 1931, and bears interest at 8 per cent. per annum from maturity until paid, and an additional 10 per cent. on the aggregate amount of principal and interest, as attorney's fees. To this note, the makers attached as collateral security several notes of different parties, secured by mortgages on lands situated in the parishes of Winn, Natchitoches, and Concordia, La.

On January 6, 1931, the note having fallen due January 1st, plaintiff instituted suit on said note against all of the makers thereof for the full amount of the note, less a credit of $1,500 that had been paid in the meantime, and in the suit asked that its lien and privilege on all the properties covered by the various mortgages securing said collateral notes be recognized and enforced to the end that the property be seized and sold to pay the said debt.

On February 5, 1931, plaintiff obtained judgment in the said suit against all of the makers of the said note in solido, recognizing its lien and privilege on the said property and ordering the same sold to pay the said debt.

When this judgment became final and executory, plaintiff caused writs of fieri facias to issue under which all of the said property was seized and sold for the total price of $9,525.15. The costs incurred, in connection with the foreclosures of said mortgages, aggregated $1,088.33. This amount, of course, was deducted from the total price for which the property was sold. There were other deductions made at the time, in order to meet certain demands by other parties on the said fund, but they need not be discussed here. Even if plaintiff gets the full amount for which the said mortgaged lands sold, after deducting the said costs, it would lack more than $5,000, receiving a sufficient sum to pay the balance due on the principal of its said note, to say nothing of the interest and attorney's fees.

It appears that on December 27, 1930, defendant executed a note for $10,000, made payable to his own order, and sought to secure said note by executing a mortgage on certain real estate he owned in the parish of Winn, La. Defendant indorsed this note in blank, and it thereupon came into the hands of W. J. Melton, who had been made a party to the suit, and, upon orders of the court, produced and filed the note in the record. He answered, alleging that he acquired the note for a valuable consideration and in good faith.

Plaintiff, in an effort to subject the property covered by the said mortgage defendant executed to secure the said $10,000 note, to the payment of its said judgment, is seeking to annul the said mortgage executed by defendant to secure the said $10,000 note held by the said W. J. Melton, on the grounds that it was a simulation, made in fraud of the legal rights of plaintiff.

Defendant answered, denying generally the allegations of plaintiff and averring that he

executed the said $10,000 note, and the mortgage securing the same, in good faith and for the purpose of obtaining thereon funds with which to operate his plantation for the year 1931, and that he did actually secure funds on said note for the said purpose.

The judgment of the district court was in favor of plaintiff and against the defendant and W. J. Melton, "cancelling, annulling, rescinding, and setting aside the act of mortgage executed by E. M. Melton to his own order before A. A. Moss, Notary Public in and for the Parish of Winn, State of Louisiana, on the 27th day of December, A. D., 1930, in the amount of $10,000.00, covering the property hereinafter described, to secure the payment of a note for the amount of $10,000.00, executed by E. M. Melton to his own order and indorsed by said E. M. Melton in blank, and claimed and owned by W. J. Melton, and which note has been produced and filed in the records in this case, and which act of mortgage has been filed in the conventional mortgage records of Winn Parish, State of Louisiana, and recorded in Mortgage Book 'Q,' page 122. * * *"

From this judgment, defendant prosecutes this appeal.

### Jurisdiction of the Court.

Although no exception to the jurisdiction of this court has been filed and both parties appear to desire this court to take jurisdiction of the case, yet, when jurisdiction ratione materiæ is wanting, the court is bound ex officio to notice it. Consent of parties to a suit cannot give jurisdiction ratione materiæ when that jurisdiction is wanting. Dupey v. Greffin, 1 Mart. (N. S.) 198; Lafon v. Lafon, 1 Mart. (N. S.) 703; Waters v. Wilson, 3 Mart. (N. S.) 135; Kerr v. Kerr, 14 La. 177; Greiner v. Thielen, 6 Rob. 365; Fleming v. Hiligsberg, 11 Rob. 77; Tague v. Royal Ins. Co., 38 La. Ann. 456; Riggs v. Bell, 39 La. Ann. 1030, 3 So. 183; Gee v. Thompson, 39 La. Ann. 310, 1 So. 537; Weis v. New Orleans Bd. of Trade, 125 La. 1010, 52 So. 130.

As will be seen, plaintiff is seeking to annul and cancel a certain mortgage which defendant executed on the 27th day of December, 1930, to secure a $10,000 note he executed on the same date to his own order and by him indorsed in blank. The purpose of that cancellation is to make the property covered by that mortgage subject to plaintiff's judgment debt, which he previously obtained against defendant. True enough, it might be possible that the value of the property covered by this mortgage is less than $2,000. However, the record is silent as to its value, and, true enough, the note in question is held by W. J. Melton to secure advances he made to the defendant in the sum of about $350, yet this action is to annul and cancel the said $10,000

mortgage which defendant is asserting is a genuine obligation and valid in all particulars.

Article 7, § 10, of the Constitution of Louisiana of 1921, confers upon the Supreme Court appellate jurisdiction in civil suits where the amount in dispute or the funds to be distributed, irrespective of the amount therein claimed, shall exceed $2,000, exclusive of interest, except in suits for damages, etc. Since plaintiff in this case is seeking to annul and cancel an act of mortgage covering an obligation of $10,000, in our opinion, the Supreme Court only has the appellate jurisdiction; so, as provided by Act No. 56 of the Legislature of Louisiana for the year 1904, as amended by Act No. 19 of 1912, we conclude that this case should be transferred to the honorable Supreme Court of the state of Louisiana, for such action as is proper to take in the case.

Defendant, appellant, is hereby allowed 30 days from the time this judgment becomes final in which to deposit this record in the Supreme Court of Louisiana; otherwise this appeal shall stand dismissed.