The Orleans Parish Democratic Executive Committee and Louis R. Moustier, a candidate for the democratic nomination for member of the House of Representatives for the second ward of the city of New Orleans in the primary to be held on January 18, 1944, have appealed from a judgment of the Civil District Court for the Parish of Orleans, Division "D", holding that the said Committee was without jurisdiction to hear a protest made by Moustier against the candidacy of William S. Farrell, who also seeks nomination of the Democratic party for that office.
In his reasons for judgment, Judge Viosca has so completely set forth the facts and has so thoroughly discussed the law applicable, that we are convinced not only of the correctness of his conclusion, but also that we need add nothing to what he has said and we have, therefore, concluded to adopt his opinion as our own.
"The plaintiff, under the name of William S. Farrell, filed his notice of intention to become a candidate for the office of Member of the House of Representatives of the State of Louisiana from the 2nd Ward, City of New Orleans, Parish of Orleans, State of Louisiana, in the Democratic Primary to be held January 18, 1944. Within the period of five days fixed by the statute, another candidate for the same office, Louis R. Moustier, filed a protest against the candidacy of Farrell on the ground that his true name was William A. Short and not William S. Farrell. A copy of the protest was served on Farrell on October 23, 1943, at about 11 o'clock a.m., which was within the time fixed by the statute; and the answer was filed by Farrell at approximately 11:45 p.m. on October 24, 1943, which was also within the time fixed by the statute. On the next day, October 25, 1943, the Orleans Parish Democratic Executive Committee issued a call for a meeting to be held at 8 p.m. on October 27, 1943, for the purpose of considering this protest together with numerous other protests made against other candidates. After due hearing on October 27, 1943, at which both Farrell and Moustier were represented and presented evidence, the Committee upheld the protest and ruled *Page 525 
Farrell ineligible. Farrell, thereupon, brought this suit to set aside the ruling of the Committee and to secure an order commanding the Orleans Parish Democratic Executive Committee to certify him as a candidate for the office of member of the House of Representatives from the 2nd Ward, Parish of Orleans.
"The plaintiff makes three principal contentions:
"First, that since the Orleans Parish Democratic Executive Committee did not convene its meeting within 24 hours after the filing of the answer required by the present primary law, the Committee lost its jurisdiction to determine the controversy; secondly, that the protest against plaintiff is in effect a collateral attack upon his registration, since he has always registered as a voter under the name of William S. Farrell, and that such a collateral attack is not permitted by law; and finally, that plaintiff had a legal right to use the name of William S. Farrell in filing his notification to become a candidate in the primary, because of his habitual use of this name for many years.
"At the opening of the case the plaintiff filed what he called a plea of prescription, but what in reality is an attack upon the jurisdiction of the Orleans Parish Democratic Executive Committee to hear the case more than 24 hours after the filing of the answer to the protest.
"The present primary law which is Act 46 of 1940 provides in Section 28 as follows:
"`Within twenty-four (24) hours after the answer has been filed, the committee shall convene and hear the evidence offered by any of the parties or their counsel, and within twenty-four (24) hours after the hearing is closed, shall render its opinion.'
"In support of his contention that the Committee lost its jurisdiction to hear the protest when it failed to convene within 24 hours after 11:45 p.m. of October 24, 1943, plaintiff cites an unreported case bearing the number 33,699 of the Docket of the Supreme Court of Louisiana, entitled Frank C. Moran versus Jules A. Grasser, Chairman, Orleans Parish Democratic Committee and Orleans Parish Democratic Committee, in re: State of Louisiana ex rel. Robert A. Ainsworth, Jr., applying for writs of certiorari, prohibition and mandamus. In that case, which originated in this court under the number 214-425, entitled Frank C. Moran versus Jules A. Grasser, Chairman, Orleans Parish Democratic Committee and Orleans Parish Democratic Committee, the plaintiff Moran alleged in his petition that he had qualified as a candidate in the Democratic primary for the nomination to the office of Member of the House of Representatives, 16th Ward, City of New Orleans; that Robert A. Ainsworth, Jr., qualified for the same office; that Ainsworth filed an opposition to the candidacy of Moran and made service thereof as required by the Primary Act. The protest alleged that Moran did not possess the residence qualification required by law. Moran further alleged that it was the duty of the Orleans Parish Democratic Executive Committee to have met within 48 hours after the protest and service, that being the period fixed in the then Primary Law which was Act 110 of 1934, which amended certain sections of Act 97 of 1922. Section 11 of the Act at that time read:
"`Whenever such objection shall have been filed the committee calling the primary shall convene 48 hours after the objection shall have been placed in the hands of the chairman of the committee and served upon the person interested, and determine within 24 hours after the objection and answer to same, if one be filed, shall have been heard, whether or not the person applying to be a candidate is qualified * * *.'
"Plaintiff Moran, in that case, further alleged that the 48-hour period specified in the statute expired at 12 p.m., Monday, October 21, 1935, and that the Committee set the opposition for hearing for October 22, 1935, which was after the expiration of the 48-hour period.
"Plaintiff Moran further alleged that, said time limit having expired, the Committee was without jurisdiction to hear the opposition to his candidacy and that unless enjoined by the Civil District Court the Committee would proceed to hold a hearing in spite of the fact that it did not have jurisdiction to do so.
"The case was allotted to Division "E" of this Court, and the Honorable William H. Byrnes, Jr., Judge of that Division, after hearing, issued the preliminary injunction enjoining and restraining the Orleans Parish Democratic Executive Committee from holding the meeting in question.
"Ainsworth, who had filed the protest, and who intervened in the case, thereupon applied to the Supreme Court of Louisiana *Page 526 
for writs of certiorari, prohibition and mandamus. He contended that the Committee did have jurisdiction to conduct the hearing, and he set forth in his application for writs that the effect of the injunction was to deny to him his constitutional rights and due process of law, and to deny to him an opportunity to have a hearing on his protest. Throughout his application for writs, Ainsworth repeatedly contended that the Committee had jurisdiction to hear the protest and that the injunction issued by the Civil District Court would interfere with that hearing. In that connection, I particularly refer to Paragraph 8 of Ainsworth's application where he makes the following contention:
"`That even if forty-eight hours had elapsed within which the Orleans Parish Democratic Committee is directed to convene, the effect of said lapse of time is not to divest the Committee of its jurisdiction to hear the protest, said provision of the Act being directory, and for the sole purpose of assuring the protestant a hearing; that the provision of the law is for the purpose of giving notice to the protestant that failure of the committee to meet within forty-eight hours from filing of the protest and legal service on the interested party by the committee, makes it encumbent upon him to force a meeting and hearing by said committee. That the illegal and invalid issuance of the injunction has the effect of preventing and depriving your relator from resorting to this legal right.'
"The Supreme Court in a unanimous decree, signed by six Justices, denied the writs with this statement:
"`On the facts proved on the trial of the rule to show cause why the writ of injunction should not issue, the judgment granting the injunction is correct. Writ refused.'
"There was no dissent.
"I have examined the record in this Court and the record in the Supreme Court very carefully and I can not find that there was any controversy in that case except over the question of the jurisdiction of the Committee to hold a hearing on the protest after the expiration of the time fixed by the statute, and the only interpretation I can put on the Supreme Court's language, after a consideration of the record, is that the Court came to the conclusion that the Committee lost its jurisdiction after the expiration of the statutory time. In other words, the issue squarely presented in the Moran case is the issue presented in this case.
"In view of the fact that the Committee did not convene within 24 hours after the filing of the answer as required by Section 28 of Act 46 of 1940, the Committee was without jurisdiction to conduct its hearing and rule Farrell out as a candidate.
"Now, the defendants in this case contend that there is this distinction between the two cases; namely, that in this case the plaintiff, Farrell, did not apply to this Court for an injunction to prevent the Committee from holding a meeting after the expiration of the 24-hour period fixed in the Act, but appeared at the hearing, and through counsel offered evidence and argument in support of his right to run under the name of Farrell. It is contended this amounted to an acquiescence in the Committee's right to hear the case, and that plaintiff is estopped now from attacking the jurisdiction of the Committee. Of course, if it is a question of lack of jurisdiction ratione materiæ, then no consent on the part of Farrell could confer jurisdiction on the Committee, for it is well settled that where a court or other tribunal has no jurisdiction ratione materiæ, parties can not by consent thrust jurisdiction on that tribunal. A full list of authorities to this effect will be found in the record in the Supreme Court in the Moran-Ainsworth case previously referred to.
"In the Bank of Winnfield v. Melton, La.App., 142 So. 300, 301, the Court, citing numerous authorities, said:
"`Although no exception to the jurisdiction of this court has been filed and both parties appear to desire this court to take jurisdiction of the case, yet, when jurisdiction ratione materiæ is wanting, the court is bound ex officio to notice it. Consent of parties to a suit cannot give jurisdiction ratione materiæ when that jurisdiction is wanting.'
"Now, it is also well settled (and numerous authorities to that effect will also be found in the record of the Moran-Ainsworth case in the Supreme Court) that the Courts are without power or jurisdiction ratione materiæ to hear political controversies except where the statutes specifically confer that jurisdiction. Therefore, it seems clear to me if it was a question of a lack of jurisdiction, as the Supreme Court apparently held it was in the Ainsworth *Page 527 
case, it was of necessity of lack of jurisdiction ratione materiæ and not a lack of jurisdiction ratione personæ, and, therefore, appearance in the case by the parties would not result in the Committee's acquiring a jurisdiction which it did not possess under the law.
"Counsel for defendants have cited two cases in support of their contention that appearance before the Committee had the effect of waiving objections to the Committee's right to proceed. One of these cases is State ex rel. Dunshie v. Fields et al.,164 La. 954, 115 So. 45.
"Examination of that case, however, shows that the matter that was waived by the appearance was not the lack of jurisdiction of the Committee but alleged errors in the method of service. Of course, it is well settled that any appearance in a case cures a defect in service. The syllabus of the case which reflects the opinion on that point reads this way:
"`Person appearing before Democratic state central committee for purpose of excepting to service of objection to candidacy on ground it was not filed within time prescribed by Primary Election Law (Act No. 97 of 1922), § 13, and also for purpose of excepting to committee's jurisdiction, thereby waived any defect there might have been in service.'
"In other words, in that case in the same pleading an attack was made on the jurisdiction of the Committee and on the method of service. The Court held the Committee did have jurisdiction (a jurisdictional point, incidentally, not involved in this case). The Court ruled that an appearance for the purpose of contesting the jurisdiction constituted a waiver of any defects in the service. But the Court did not hold that lack of jurisdiction ratione materiæ is cured by an appearance.
"The other case cited by counsel is the case of Zerlin v. Louisiana Real Estate Board, 158 La. 111, 103 So. 528. That case, however, does not involve any question of jurisdiction. The Real Estate Board attempted to revoke the license of a real estate broker, and, taking the matter to Court, he objected to the procedure before the Board. In other words, the objection related to the procedure and not to the jurisdiction, and the Supreme Court said that since the statute gave the plaintiff a full hearing in Court it did not make any difference whether the procedure before the Board was correct or not. The Supreme Court would not pass on the question of the validity of the procedure at all. In that connection the syllabus reads:
"`In view of express power of courts, under Act No. 236 of 1920, to review all questions of fact and law in any final decision of real estate board, alleged irregularity of proceedings and hearing before board will not be considered.'
"It is clear that neither of the cases cited relates to the right of the parties, by appearance, to confer jurisdiction where none is conferred under the statute.
"During the course of the argument I indicated that it appeared to me to be a rather dangerous rule which would give to a Committee the power, by merely failing to meet, to defeat an opposition which might be well founded. In other words, it seems to me that if the Committee fails to meet within the time fixed by law either party should have the right to force a meeting at the earliest possible date thereafter. But no matter what my own view on that may be, I think the Supreme Court in the Moran-Ainsworth case has ruled on the precise point involved in this case and, of course, I am bound by that decision of the Supreme Court.
"Under that decision I must hold in this case that the meeting of the Committee was held too late; that its ruling was a nullity for want of jurisdiction, and must be set aside; and that the Committee must be ordered to certify Farrell as a candidate.
"In view of my ruling on this particular point it is unnecessary to pass on the other two points in the case."
It may be observed, however, that Section 28 of Act No. 46 of 1940, after making it the mandatory duty of the Committee to hear a protest within twenty-four hours after the answer thereto has been filed, provides that "Each party shall have the right, and that right is hereby expressly conferred, to appeal to any court of competent jurisdiction for relief."
Just how a protestant, whose objection has not been heard by the Committee within twenty-four hours, may secure the relief granted him by this section of the statute, is not clear to us. Suffice it to say that our understanding of the Supreme Court's ruling in the Moran-Ainsworth case, like that of Judge Viosca, is that that decision is determinative of the issue here since it, in *Page 528 
effect, holds that such a Committee is without jurisdiction ratione materiæ to hear a protest after the lapse of twenty-four hours from the time at which the answer to the protest is filed.
The judgment appealed from is affirmed.
Affirmed.