There is involved in this suit the validity of what purports to be sales of sand and gravel in, on and under tracts of land containing about eighty-six (86) acres in Grant Parish, Louisiana. These instruments are in reality leases of the land for the purpose of mining for and removing sand and gravel therefrom. These purported sales are attacked by the plaintiffs on the ground that they contain potestative conditions. Plaintiffs sue also to recover judgment for royalty alleged to be due them for sand mined and removed from the land amounting to $3,016. Judgment was awarded them on this phase of the case in the sum of $1,680. In other respects their demand was rejected and the suit dismissed. They appealed from this latter action of the court.
[1] There is in the record a stipulation of counsel that the value of the "property" in question exceeds $100, but does not exceed $2,000. However, it is manifest that the rights involved in this litigation, being the amount in controversy, have a value far in excess of $2,000.
Defendant began to mine for sand and gravel on the lands in October, 1940. To October, 1944, he had mined and sold 42,000 cubic yards of sand but has paid no royalty therefor. To November, 1944, he had mined and sold 68,010.50 yards of wash gravel and 33,035.08 yards of sand-clay (pit-run) gravel for all of which he paid plaintiffs' father royalty of $4,041.82. This case was tried in March, 1945. There is nothing before the court to disclose how much sand and gravel have been removed since November, 1944.
[2, 3] The value of the sand and gravel, when ready for market, is not shown. It likely varies. Surely such values run into scores of thousands of dollars. Mining has doubtless continued and possibly will continue indefinitely. But for this, plaintiffs would not likely have sought relief from the contracts attacked. If these contracts are annulled, the monetary loss to defendant will be greatly in excess of $2,000. The measure of his rights, which embraces the validity of the attacked contracts, must be considered in determining the amount in controversy as well as the value of rights asserted by plaintiffs. In the case of Weis v. New Orleans Board of Trade, Ltd., 125 La. 1010, 52 So. 130, as disclosed from the syllabus, the court held:
"This court has jurisdiction in cases that involve an amount in excess of $2,000, and the matter of jurisdiction is determined by the value of the right sought to be vindicated, and not by the value of the property out of which the right arises.* * *"
[4] It is elementary that consent will not confer jurisdiction ratione materiae, especially when it clearly appears the court has none; and any judgment rendered pursuant to such consent will be null. Code of Practice, Article 606, subd. 3.
See also: Hibernia National Bank v. Standard Guano Chemical Manufacturing Company, 51 La. Ann. 1321, 26 So. 274; Riggs 
Bro. v. Bell, et als., 39 La. Ann. 1030, 3 So. 183; Tague v. Royal Insurance Company of Liverpool and London, et al., 38 La. Ann. 456; Heirs of Gee v. Thompson, 39 La. Ann. 310, 2 So. 227.
[5] And where lack of jurisdiction of the subject matter appears from the record a court on its own motion is bound to take notice of such fact.
For the reasons given above, it is ordered that this appeal be and it is hereby transferred to the Supreme Court of the State of Louisiana to be there heard and disposed of as though originally appealed to that court; provided, that within sixty (60) days from finality of this order appellant perfects appeal in the Supreme Court by complying with its rules in such cases. In default of so doing, said appeal will be deemed and held to have been abandoned. Costs of appeal to this court are assessed against appellant. *Page 270