REGAN, Judge.
The plaintiff Mrs. Elsie Granier Acosta, widow of Sterling Acosta, Sr., filed this *860 suit against the defendant, Francis Hotard, endeavoring to rescind a lease contract encompassing a certain tract of land owned by her which is situated adjacent to the Airline Highway near Norco, Louisiana. Several grounds were initially urged for rescission of the lease at the trial court level, but the only reason therefor urged on appeal is the defendant’s omission to obtain liability insurance on the premises in the amount of $10,000.00 in conformity with such a stipulation contained in the contract of lease.
The defendant answered and in effect simply denied that the plaintiff was entitled to a rescission of the leasing agreement.
Following a trial on the merits, the lower court rendered judgment in favor of the defendant dismissing the plantiff’s suit at her cost. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that on July 1, 1964, plaintiff leased to defendant for a period of 10 years a tract of land adjacent to the Airline Highway at Norco, Louisiana, for the purpose of creating a trailer park. The lease was prepared by an attorney; however, it was not the usual printed form, or stationary store-type commercial lease.
Paragraph 13 thereof specifically provided that the defendant lessee would provide liability insurance on the premises in the amount of $10,000.00. The defendant admitted in his answer to the plaintiff’s suit that he permitted the liability coverage to lapse, but insisted that the insurance had been reinstated and that the plaintiff had incurred no damage as a result thereof. In any event, the evidence adduced herein not only proved that the defendant did not have liability insurance coverage at the time the answer to this suit was filed, but also that he did not have it for a period extending from July 13, 1967, through May 18, 1971, or until four days after the trial was terminated in the lower court. The defendant admitted that he was aware that the insurance provision was a condition of the lease, and that the insurance policy had lapsed. He further conceded that he made no effort prior to suit to have the policy reinstated, the only reason offered for his failure to do so being the fact that no one told him to reinstate it. The trial judge afforded the defendant time to secure the insurance coverage which he said he had obtained after the trial was completed, and the defendant subsequently produced a policy which by endorsement stated that “It is understood and agreed that the policy period is amended to read: From May 18, 1971 to May 18, 1972.” Hence, the record clearly establishes that the defendant only purchased insurance on May 18, 1971, which was four days after the trial hereof was terminated.
Article 2729 of the Louisiana Civil Code reads:
“The neglect of the lessor or lessee to fulfill his engagements, may also give cause for a dissolution of the lease, in the manner expressed concerning contracts in general, except that the judge can not order any delay of the dissolution.”
The defendant relies primarily on the reason that the lease should not be rescinded because liability insurance was eventually reinstated and since the plaintiff incurred no damage as the result of the defendant’s failure to have liability coverage in force during the term of the lease. However, it has long been established in Louisiana that the lessor possesses the right to rescind a contract of lease for the breach of one of its covenants, even though no actual loss has been incurred by the lessor by the breach of the covenants.[1]
The defendant also urges that the provision of the lease requiring insurance was not a material one for the reason that the lease was one of vacant ground only *861 and not one on which a building was situated. However, both the plaintiff and the defendant were aware of the fact that propane gas was on the premises for service of the various trailer park tenants, thereby resulting in a potential law suit against all parties to the lease in the event of an explosion or other accident, to say nothing of the ever-present potential liability of a landowner to children of tender years by reason of the attractive nuisance doctrine. Moreover, and more important, the wording of the lease itself shows that the maintenance of liability insurance coverage was a material provision thereof. The lease in question did not merely state that lessor shall carry liability insurance in the amount of $10,000.00. On the contrary, the lease provides as follows:
“ * * * Failure to so carry such insurance or to allow such insurance to lapse will be good and sufficient cause for lessor to terminate this lease.”
Hence, the wording of the lease, and the potential liability to which lessor was exposed clearly demonstrate that the insurance provision was a material part of the lease contract, and that the plaintiff was fully within her right to rescind the lease by virtue of the liability insurance having lapsed.[2] The defendant’s final contention is that under Louisiana law[3] the lessor who acquiesces in the breach of a material covenant of a lease is estopped from seeking rescission of the lease in a situation where he continues to receive the payment of the rental. We reject this contention. The record fully discloses that the plaintiff filed suit to rescind the lease one week after she learned of the defendant’s failure to maintain liability insurance on the leased premises in accordance with the terms of the lease. Consequently, it can not be said that she acquiesced in the lessee’s breach of his covenant to maintain liability insurance on the premises.
For the foregoing reasons, the judgment appealed from is reversed, and judgment is hereby rendered in favor of the plaintiff, Mrs. Elsie Granier Acosta, widow of Sterling Acosta, Sr., and against the defendant, Francis Hotard, decreeing that the lease between them dated June 10, 1964, be annulled, rescinded and set aside, and the defendant, Francis Hotard, is hereby ordered to vacate the premises formerly leased to him immediately after this decree becomes final.
The defendant is to pay all costs incurred herein.
Reversed and rendered.

. McNeil v. Knapp, 18 La.App. 701 (1866).

. See Lillard v. Hulbert, 9 So.2d 852 (La. App.1942).

. See Walker v. Fitzgerald, 38 So.2d 173 (La.App.1949).