No. 1071.

ROBERT S. WILKINS VS. ELBERT GANTT.

Under Article 81 of the Constitution of 1879, this Court will dismiss the Appeal when the real *amount in dispute*, exclusive of interest, is less than $1,000, as shown by the Record, though the Plaintiff's Petition claims more than that sum.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

John N. Ogden and M. D. Kavanagh for Plaintiffs and Appellees.

Lewis & Bro. for Defendant and Appellant.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff moves that this appeal be dismissed, on the ground that we have no jurisdiction *ratione materiœ*, for the reason that the matter in dispute does not exceed one thousand dollars, exclusive of interest.

He sues on an open account and on a promissory note, both of which are annexed to his petition, and made part thereof.

He alleges that his account amounts to $677 68, and his note to $347 89, which amounts added together make up the total sum of $1025 57.

But by inspection of the account annexed to his petition we find that the principal of plaintiff's account is in the sum of $593 62; and that to make it reach the sum of $677 68 claimed by plaintiff, interest on said sum of $593 62 at the rate of five per cent for two years and ten months, amounting to $84 06, is added thereto.

Leaving aside the interest of two years, inadvertently or erroneously inserted in the *capital* of his demand by plaintiff, we find that the action is based on a balance of account in the sum of $593 62, and on a promissory note for $347 89, which two items, exclusive of interest, sum up together the aggregate of $941 51, which is not sufficient to vest jurisdiction in this Court.

Now, article 81 of our Constitution is clear and unambiguous, and unequivocally confines our jurisdiction to cases where the *matter in dispute* exceeds one thousand dollars, *exclusive of interest;* and tested by that article this case involves a claim or a matter in which the amount in dispute, exclusive of interest, is the balance of account of $593 62,

and a promissory note for the sum of $347 51, which added together do not exceed one thousand dollars, but is less than that amount.

In an able and elaborate brief appellant strenuously urges that plaintiff must be held to his allegation wherein he declares on an account of $677 68 as binding upon him in this case; but this brief indirectly ignores article 81 of the Constitution and the rules which should guide this Court in questions of jurisdiction.

In a case where the amount in dispute, exclusive of interest, is insufficient to give us jurisdiction, we cannot assume it, even if plaintiff alleges a greater amount, not even if *both parties* should join in asking us to exercise jurisdiction not granted to us by the organic law of the land.

The real *amount in dispute*, whether the same can be legally ascertained from the pleadings and documents annexed, and not *the allegations of parties*, is to be the test of our jurisdiction, and shall be our rule in determining all such questions.

Being clear that this case does not come within our jurisdiction, we therefore order, adjudge, and decree that the appeal taken by defendant be dismissed at his costs.