## No. 10,325.

MARY PINCKNEY ET AL VS. CHARLES WOLF, ADMINISTRATOR, ET AL.

*Although averments in the petition and prayer show that the matter in dispute is within the appellate jurisdiction of this court, the appeal will be dismissed proprio motu, when it appears, from the record, that the matter in dispute is really below the lower limit of such jurisdiction and the claim is considered as not serious and fictitious.*

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge.
　　*Favrot,* Judge *ad hoc.*

---

*T. A. Moore* for Plaintiffs and Appellees.

---

*Kernan & Laycock* and *K. A. Cross* for Defendants and Appellants.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.　The plaintiffs sue as the forced heirs of their mother, from two different marriages, to recover half of the community property which vested in her at the death of her second husband, in March, 1887.

They revendicate as part of said property, certain real estate sold by the latter, after their mother's death.

They also claim rents and revenues.

In their petition, filed in August, 1887, they value said half at $2605, and set down the other claims at $425, forming an aggregate of $3030.

The revendicated real estate, which is included in that of which the half is claimed, appears to have been sold for some $700, part cash and the rest on credit.

In the inventory taken in April, 1887, four months previous to the filing of the suit, of the estate of the deceased, the entire property, movable and immovable, was together appraised at $1144 50.

The proceedings were contradictorily carried on, with the administrator of the succession of the second husband and with the purchaser sought to be evicted.

There was judgment in November, 1888, for the plaintiffs, against the succession, recognizing them as entitled to the half claimed and to some $272, and against them, as concerns the vendee of the revendicated property.

Both, the plaintiffs and the succession administrator, appeal from the judgment, as far as it affects them respectively.

So that, the record, from the standpoint most favorable to the parties, shows that the property and amount in ' dispute together, foot half of $3030, or $1515; when probably, in all reality, it is worth much less.

Obviously, the averments of the petition appear to have been made for no other purpose than, if possible, to vest this court with jurisdiction over the matter in controversy; but, as they cannot be deemed serious, they cannot accomplish that object.

It has been repeatedly held that, whenever the matter in dispute appears to be really under the lower limit of the jurisdiction of this court, though from the averments and prayer of the petition, it is represented as exceeding the same, the claim will be treated as not serious and as fictitious and garbed solely to bring it within appellate jurisdiction, and the appeal will be dismissed *proprio motu.* ' H. D. p. 20 (8); L. D. p. 15 (16); Bright vs. Thompson, 38 Ann. 801.

As it clearly results from the record that the matter in dispute is really below the lower limit of the jurisdiction of this court, it follows that the judgment appealed from cannot be reviewed here.

It is, therefore, ordered and decreed that the appeal taken by the plaintiffs, as well as that taken by the administrator, be dismissed with costs.