On Motion to Dismiss.
The opinion of the court was delivered by
Nicholls, O. J.
In his petition to the District Court plaintiff alleged that he had purchased from the Metairie Cemetery Association several lots of ground in its cemetery for which he had paid cash four hundred dollars; that subsequently he had entered into a contract with Charles A. Orleans to erect a certain tomb upon the lots for three thousand five hundred dollars, of which two hundred and fifty dollars were to be paid upon the completion of the foundations, and the remainder upon the completion of the work; that upon the completion of the foundation he paid the two hundred and fifty dollars as stipulated. That pending the construction it was agreed between Orleans and himself that certain parts of the work should be omitted, and that, in consequence of this change, a reduction of five hundred dollars should be made upon the price. That after the completion of the work he found that some portions were not executed artistically as agreed upon, and he refused to accept it. That about the 1st July, 1893, Orleans agreed to take back said tomb and remove the figure of a lamb, to which he objected, from the tomb, and accept twenty-five hundred dollars in consideration of said removal, in full settlement of all plaintiff’s liabilities to him under the contract; and that thereupon .he paid Orleans the said amount in addition to the two hundred and fifty dollars which he had already paid, and that after this last payment he owed nothing either to Orleans or to the Metairie Association.
That the tomb being locked and Orleans never having delivered the key of the same, of which he had possession, plaintiff, on or about the 6th July, 1893, sent to him for the key, which he unjustifiably refused to deliver to petitioner, falsely asserting that he had not paid him for the tomb. That petitioner, desiring possession *1446 of the tomb for the purpose of therein interring the body of his deceased wife, sent a locksmith to have said lock taken off and the tomb opened; that the sexton in charge of the cemetery, an employé of the Metairie Oemetery Association, ordered said locksmith to desist and drove him away, refusing to permit him to act as requested by plaintiff, in |the premises. That upon petitioner’s proceeding to the office of the Metairie Oemetery Association its secretary informed him that he had been requested by said Orleans not to permit him to take possession of the tomb, and announced that he would maintain the sexton in his aforesaid action, and would resist any attempt of petitioner to obtain possession of his property. That the said action of Orleans and of the officers of the association in preventing petitioner from taking possession of his property was an illegal, unwarrantable and outrageous interference with petitioner’s rights, and that he had suffered in his feelings by reason of said outrage and in legal and other expenses and[]attorneys’ fees, the sum of two thousand five hundred dollars; and that to be prevented longer from using said tomb for the purpose of placing his wife’s remains therein would work him irreparable injury, and that an injunction was necessary in the premises. He prayed for an injunction restraining Orleans and the Metairie Oemetery Association from in any manner interfering with him in the exercise of his rights of ownership in and to his said tomb, and from taking possession of and opening the same; that said injunction be made perpetual, and that he have judgment against the parties restrained for twenty-five hundred dollars damages as above set forth.
The injunction was granted as prayed for and issued upon petitioners furnishing bond and security in the sumwof five hundred dollars.
Plaintiff filed subsequently an amended petition, in which he^ averred that the damages claimed by him were composed as follows:
Attorney’s fees, two hundred and fifty dollars; legal costs, one hundred dollars; mechanics, fifteen dollars; suffering to feelings and violations of plaintiff’s rights, two thousand one hundred and thirty-five dollars.
Defendant Orleans first pleaded the general issue. He then, averred that he received the sum of two thousand seven hundred, and fifty dollars, but that plaintiff was still indebted to him in the sum of two hundred and fifty dollars, owing and unpaid, as part of *1447 the price of the tomb. He denied that plaintiff had the right of possession of said tomb until he had paid the price, as stipulated in the-contract. He reconvened and prayed for judgment for two hundred1 and fifty dollars, the amount alleged to be due, for dissolution of the injunction, with reservation of his right to sue for damages.
The Metairie Cemetery Association pleaded the general issue, and prayed to be dismissed.-
The court, after evidence adduced and trial on the merits, rendered judgment on the main demand in favor of both defendants, dissolving the injunction and rejecting plaintiff’s demand, and on the reconventional demand rendered judgment in favor of the defendant Orleans against the plaintiff for the sum of two hundred and fifty dollars.
The plaintiff appealed to this court. Appellee has filed a motion to dismiss the appeal on the ground that “ the court is without jurisdiction, because no proof had been given as to the claim for damages, which was made solely to attempt to vest jurisdiction in this court, and the claim for damages must be held as if never made, and that the sole claim at issue was one for two hundred and fifty dollars, an amount insufficient to give this court jurisdiction.”
Appellant maintains that the appeal as taken was well taken, for the reasons: (1) because plaintiff claims two thousand five hundred dollars damages and the allegations of his petition are sworn to, and (2) because the suit for the possession of property of the value of three thousand five hundred dollars is within the jurisdiction of the Supreme Court.
We have, on several occasions, held that in suits for the possession of property the value of the right of possessor, and not the value of the property itself, determines the jurisdiction. State ex rel. Humphreys vs. Richardson, 46 An. 133; In re Genella, 45 An. 1377.
There is nothing in the record on this point to justify our holding the case. Were we to retain it, our doing so would have to rest upon the other ground, but an examination of the pleadings and the evidence satisfies us that we have no jurisdiction.
It is true that the plaintiff alleged that he was aggrieved by the conduct of the defendant to an amount of twenty-five hundred dollars, aid that for the. purpose of obtaining an injunction in the case he swore to his allegations; but this’matter comes before us on appeal after trial, evidence adduced and judgment, and the allega *1448 tions of the petition have not the controlling force which plaintiff supposes. The parties to this litigation entered into a contract for the construction of a tomb by the defendant, upon a lot of ground owned by plaintiff, in the Metairie Oemetery. A contention arose between the two as to their respective rights and obligations under the contract. Defendant, holding the key of the tomb, and claiming that he had the right to hold it as evidencing his possession of the tomb itself, until payment, declined on demand of plaintiff to deliver it to plaintiff. On plaintiff’s declaration that he would send a locksmith to open the door of the tomb in spite of defendant’s holding the key, the latter requested the authorities of the cemeteries to prevent such action, and to this request they acceded. The present suit followed.
We are of the opinion, without going into details, that the plaintiff could not reasonably have set up the claim for damages which he did, and no attempt was made by him in the lower court to support the claim. We do not think it was seriously expected that it would be maintained.
Appeal dismissed.