(45 South. 263.)

No. 16,840.

SCHLEMMER v. HOWARD et al.

(Dec. 2, 1907. Rehearing Denied Jan. 9, 1908.)

1. APPEAL—JURISDICTION—AMOUNT IN CONTROVERSY—FICTITIOUS DEMAND.

The resulting damages, if the right claimed by plaintiff is lost, cannot possibly amount to $2,000.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 207, 258, 259.]

2. SAME—PLEA SUSTAINED.

The allegation of damages is not sufficiently real to defeat the plea of want of jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 207, 258, 259.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Bernard Schlemmer against Frank Howard, receiver, and others. Judgment for defendants, and plaintiff appeals. Dismissed.

Benjamin Rice Forman, for appellant. Rouse, Grant & Grant, for appellees.

Motion to Dismiss Appeal.

BREAUX, C. J. Bernard Schlemmer is a baker. He sued out an injunction against Frank T. Howard, receiver of the New Orleans Waterworks Company, and George W. Palfrey, his agent.

The purpose of the injunction sued out by Schlemmer is to restrain defendant from cutting off the supply of water he is in need of in carrying on his bakery business.

His allegations are that he has provided himself with a meter, and that he is quite willing to pay for the water supplied by the waterworks company at the rate of 15 cents per 1,000 gallons.

His complaint is that the company is unwilling to let him use a meter and is about to put an end to the supply of water he needs; that if the company carries out its intention it will compel him to close his bakery, and that the business of the bakery will be ruined; that his payment heretofore for water has been a flat rate of $13.45 per quarter.

He charges that the rate is not what it should be.

He adds that the right to water supply is worth to him over $100, and that if the company is not restrained his damages will be over $2,000.

He asks as relief that defendant be enjoined as long as he pays 15 cents per 1,000 gallons for the water used.

Defendant moved to vacate the order in the district court, and the court granted the motion, and dissolved the injunction.

The ground of the motion in the district court was that the court has no jurisdiction.

The rule was tried and made absolute, and dismissal followed as before stated; and plaintiff has appealed.

The grounds of the motion to dismiss the

appeal are that the real amount in contro-
versy is not sufficient to vest this court with
jurisdiction; that plaintiff in his petition asks
for no money demand for damages; that the
$2,000 alleged, for which no judgment is
asked, is entirely fictitious; that the contro-
versy covers nothing except plaintiff's right
or not to a supply of water, which he shows
is not in value over $53.50 a year.

This is the sole issue involved in this mo-
tion to dismiss the appeal.

It is also argued by plaintiff in the motion
to dismiss that the real amount in contro-
versy is the difference between the meter
rate and the flat rate—i. e., 15 cents, as be-
fore stated, or $13.45 per quarter charged;
that, inasmuch as one has the right to stop
taking of water at the end of any quarter,
the difference would be very small; and that
it does not follow that there would be any
difference at all, for it may be that at the
rate it would be if the meter were used that
it would be even less than the flat rate, and
that plaintiff asks no damages against de-
fendant; the $2,000 alleged being purely ficti-
tious and inserted to give this court jurisdic-
tion.

To sustain the contention defendant cites
Saux v. Patton, 34 La. Ann. 1155, in which
it was held that without a money demand
this court has no jurisdiction.

In the cited case the court states that in
the body of the petition there was an allega-
tion that the damages will be at least $500,
and that as a consequence it was evident
that the case was not within the jurisdiction
of this court.

To come within this court's jurisdiction
plaintiff alleged that if the supply of water
be cut off he would be damaged to the
amount of over $2,000.

This is an allegation in the body of the
petition.

The $2,000 damages are to our mind ficti-
tious, and the only purpose is to give this
court jurisdiction. It is not possible that

plaintiff will ever suffer that amount of dam-
ages because of the difference in the cost of
water supply. The allegation does not bring
the case within our jurisdiction, and the ap-
peal is therefore dismissed.

The case of Saux v. Patton, 34 La. Ann.
1155, is pertinent; also the case of Harmony
Club v. N. O. Gaslight Co., 42 La. Ann. 453,
7 South. 538.

There can be no ruin as alleged, for the
plaintiff would always have it in his power
to pay under protest for the water supply.
At any rate, the amount claimed does not
seem to have the least foundation in fact.

The appeal is therefore dismissed.