BREAUX, O. J.
The New Orleans Board of Trade, owner of a lot with the building thereon, described in plaintiff’s petition, sold it to plaintiff on the 14th day of September, 1004.
The Board of Trade, vendor to plaintiff, claimed the property immediately in the rear, of which it was the owner.
There is a passageway between the two properties.
The act of sale under which the plaintiff owns contains the following clause:
“It is agreed that the present right of way from Magazine street to the Board of Trade’s building proper, of the dimensions as at present, be granted perpetually to the said New Orleans Board of Trade, Limited.'’
The contention of plaintiff is that under this right of way the Board of Trade retained a right of way for pedestrians to and from its property, but no other right, as the title is in x>laintiff; that, none the less, some time in 1906, the board had the pavement removed in said alley, and a trench, running through the center of the alley, made, in which were placed water pipes in a line from Magazine street to Arcade alley. To lay the pipes, digging the earth was necessary.
The pipes measure two inches in diameter, and begin in the street, cover the sidewalk, and through the alley or passageway.
The complaint is that this was a trespass, for which defendant is liable.
Plaintiff sued for an injunction, which was issued, to restrain the Board of Trade from maintaining these water pipes, and asked that it be made mandatory to the extent of requiring the defendant to remove these pipes in such a manner as not to injure his property, and to replace the earth and pavement in the passageway to the condition they were before the asserted trespass.
Plaintiff in the injunction alleged that the land and improvement were bought from the New Orleans Board of Trade at a price in excess of $2,000.
Two exceptions were filed — one for-want of jurisdiction ratione materiee, and the other on the ground of no cause of action.
The defendant thereupon sought to meet the issue tendered' by swearing that there is a servitude of drain and passage through this alley, and that it has been used for more than 10 years before the purchase by the plaintiff and continually since; that it (defendant) has a prescriptible title to the servitude, has enjoyed the servitude over 10 years, and, as plaintiff acquired the property subject to this servitude, he is, therefore, without rights of action.
The exception of want of jurisdiction ratione materias was referred to the merits, and the exception of no cause of action was overruled.
The court has no jurisdiction ratione materias. The underground occupation of the passageway is the sole issue. That in itself can be of little value.
About four months after the pipes of defendant had been laid, and the work completed, plaintiff brought this suit.
The petition does not set up that the injury is irreparable, and does not ask for damages.
It is not shown by allegation that the amount in dispute is in excess of $2,000.
It is not reasonably possible to infer that the right of plaintiff, as relates to the pipes in question,1 laid as before mentioned, in any way presented, as relates to plaintiff, a value or amount in excess of $2,000.
Not the least attempt was made during the trial with the view of proving the value of the right; nor has anything been said in the record showing that the amount, as relates *1013 to jurisdiction, was in excess of the amount necessary for it to be considered by this ■court as being within its jurisdiction.
The property itself may be worth thousands of dollars, but the invaded right may be worth very little, if anything.
It is therefore ordered, adjudged, and decreed that the appeal in this case be, and the same is, hereby dismissed, at appellant’s costs.