(53 South. 464.)

No. 18,324.

QUAGLINO v. CURREN.

(Oct. 31, 1910.)

*(Syllabus by the Court.)*

Courts (§ 224*)—Jurisdictional Amount—Dismissal.

    In an action to recover immovable property, worth about $170, there can be no claim for damages, on the allegations in plaintiff's petition, such as to bring the amount really in controversy up to the jurisdictional amount of this court.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig. § 224.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by Philip Quaglino against Margaret Curren. Judgment for plaintiff, and defendant appeals. Dismissed, and transferred to Court of Appeal on condition.

Dart, Kernan & Dart, for appellant. U. Marinoni, Jr., and Guy M. Hornor, for appellee.

BREAUX, C. J. Plaintiff brought this suit to recover a strip of land from defendant.

A witness, as to value, testified that the lot in question was worth $17 a front foot.

It measures 10 feet front.

At another time, this witness testified that it is worth about $140; i. e., the whole lot.

In addition, plaintiff claims as follows:

First. Fee of attorney, $200.

Second. Deprivation of use and enjoyment and diminution of value to petitioner's property, $1,000.

Third. Punitive damages, $300.

Fourth. Exemplary damages, $500.

Total. $2,200.

The fee of plaintiff's attorney, in a petitory action, in a case such as this, is not a serious claim.

Punitive and exemplary damages are not to be considered at all in an action of this kind.

The petition of plaintiff is not in the least suggestive of any right to such damages. There is no trespass alleged. It is at most an ordinary claim to recover immovable property worth about $170.

It is difficult to imagine that land of that value can give rise to the damages claimed. It is very evident that these amounts are exaggerated and inflated—represent no value.

As relates to the $1,000 claimed: If it were considered sufficient as a jurisdictional allegation, the amount in controversy would still be less than $2,000.

Clearly this court has no jurisdiction ratione materiæ.

The appeal must be dismissed.

It is ordered, adjudged, and decreed that the appeal is dismissed.

It is further ordered, adjudged, and decreed that the case be transferred to the Court of Appeal, sitting in the city of New Orleans, provided that the required affidavit by appellant be filed within 10 days, showing that the appeal was not taken for delay, and provided, further, that the law be complied with in the matter of transfer.

Appellant to pay costs of this court.