LAND, J.
On the threshhold of this case, defendants and appellees suggest that the Supreme Court is without jurisdiction ratione materise.
Plaintiff enjoined the defendants from carrying on their business in the name of the J. Earl Rogers Company, or using such name in any manner in their business, in violation of the letter and spirit of a written agreement between the parties. The petition shows that the letter of the contract was complied with, and that the complaint is based on allegations that a salesman of the defendants had in March, 1908, solicited and taken eight orders in the name of the J. Earl Rogers Company. Plaintiff alleged and sued for damages in the full sum of $5,000.
[1, 2] On the trial of the case, the plaintiff adduced no evidence whatsoever tending to fix the amount of damages alleged to have been sustained. On the face of the record as made by the plaintiff, no more than nominal damages, could have been allowed. In Lea v. Orleans, 46 La. Ann. 1444, 16 South. 456, the plaintiff alleged damages to the amount of $2,500, and for the purpose of obtaining an injunction swore to the allegation, but made no attempt on the trial below to support his claim by evidence. The court dismissed the appeal, on the ground that the demand was not serious. An appeal based on a claim for damages evidently exaggerated and inflated will be dismissed. Quaglino v. Curren, 127 La. 126, 53 South. 464. Fictitious or inflated demands for damages, for the purpose of vesting jurisdiction in the Supreme Court, are a growing evil, which should not be countenanced. We are not able to say on the face of the record that even the Court of Appeal has jurisdiction of this cause.
Appeal dismissed.