19 So.2d 144

**WALSH v. BUSH.**

No. 37186.

June 26, 1944.

For opinion of Court of Appeal, see 20 So.2d 190.

George Piazza, of New Orleans, for plaintiff and appellant.

Maurice B. Gatlin, of New Orleans, for defendant and appellee.

ODOM, Justice.

This is a suit by a tenant against his landlord to collect damages in the sum of $5030. As a cause of action plaintiff alleged that in September, 1938, he leased from the defendant half of a double cottage in New Orleans; that the lease was verbal from month to month, at a monthly rental of $25, and that the said lease included a garage "located in the yard of the

other half of said double cottage"; that he had occupied said premises continuously from the commencement of said verbal lease to the present time, and that he had carried out all the legal obligations imposed upon him by the lease and enjoyed the use of the premises without disturbance until August 1, 1942, "when defendant herein started to harass and annoy petitioner and his family, particularly in the manner following, to-wit."

Plaintiff alleged that on or about July 17, 1942, "defendant herein unlawfully objected to flower pots placed by plaintiff on the front porch of his home; that said pots had been so located since petitioner moved into the premises; that, without the permission or consent of your petitioner, defendant herein took it upon himself to move said flower pots from petitioner's front porch; that, in so doing, defendant dropped one of the large pots, causing it to break and throwing dirt over the front part of your petitioner's home; that defendant left said broken pot, dirt and plant where it dropped and walked away, causing your petitioner's family the trouble to move the broken pot, dirt and plant."

He further alleged that on August 4, 1942, defendant, "without the knowledge or permission of your petitioner, arbitrarily and illegally placed a pad-lock on the garage used by your petitioner, and prohibited petitioner from using said garage; that petitioner has made a number of requests upon defendant to remove the pad-lock and permit petitioner to use the property upon which he was paying rent, but the defendant persistently refused to do so."

Plaintiff further alleged that on or about August 27, 1942, "defendant caused a rule for possession of premises to be issued in the matter entitled 'A. B. Bush vs. T. P. Walsh', No. 303,946, of the docket of the First City Court, New Orleans; that said rule was based upon the alleged failure to pay rent in the sum of Twenty-five Dollars ($25.00) in advance for the month of August, 1942; that, under the terms of the verbal lease, petitioner's rent was not due until the end of the month or August 31, 1942; that the rent had been paid to the defendant at the end of each month since petitioner rented said premises; that defendant's allegation in the rule for possession was false and untrue; that defendant herein knew it was false and untrue when he made said allegation; that the purpose of said rule was in furtherance of defendant's plan to harass and annoy your petitioner for the purpose of causing him to move from the rented premises; that said rule for possession was tried before the First City Court and dismissed."

Plaintiff itemized his damages as follows:

"Value of pot and plant destroyed by defendant .............. $ 5.00
Attorney's fees paid by plaintiff in defending rule based upon false and malicious allegations 25.00
Humiliation and embarrassment and injury done to petitioner's name caused by bringing of said rule for possession... 2000.00
Injury suffered by petitioner as result of the illegal invasion of his legal rights by the defendant .................. 2000.00

Mental anguish suffered by petitioner, caused by defendant's conduct in harassing and annoying him in reference to the leased premises......... $1000.00

Total ............... $5030.00"

The defendant answered the suit, admitting that he was the owner of the double cottage and that plaintiff was occupying half of it as lessee, but denying all other allegations of the petition. The case was tried and resulted in judgment in favor of plaintiff for $25. Plaintiff appealed.

■ The allegations of plaintiff's petition, as well as the testimony adduced at the trial, conclusively show that plaintiff has grossly exaggerated the injuries which he sustained, if indeed he suffered any injury at all. The amount of damages claimed is obviously inflated. From a reading of the petition and the testimony adduced at the trial, we are forced to the conclusion that plaintiff could not possibly have expected to collect damages exceeding $2000, which is the minimum jurisdiction of this court in cases of this kind, under Section 10, Article VII of the Constitution.

■ This court has repeatedly held that plaintiff's allegations as to the amount of damages will not control where the nature of the case and the testimony adduced

show that he could not have reasonably expected to collect more than nominal damages.

The case at bar, in one sense, is very much like the case of Cusachs v. Salmen Brick & Lumber Co., 144 La. 411, 80 So. 608, where the defendant went upon plaintiff's land and cut four gum trees and plaintiff sued for $2600 damages. In that case there was judgment in the lower court in favor of plaintiff for $2. In the case at bar plaintiff sued for $5030 and obtained judgment for $25.00.

In the Cusachs case this court said that plaintiff's claim was inflated, and the case was transferred to the Court of Appeal. In the case at bar it clearly appears that plaintiff has grossly inflated his claim and that we have no jurisdiction.

By virtue of the authority vested in this court by Act No. 19 of 1912, it is therefore ordered that this case be transferred to the Court of Appeal, Parish of Orleans, the transfer to be made within 30 days after this decree has become final; otherwise the appeal is to be dismissed; the appellant to pay the costs of the appeal to this court and the costs of transferring the case to the Court of Appeal; all other costs to abide the final disposition of the case.

PONDER, J., takes no part.