McCALEB, Justice.
 

 Plaintiff demands $10,000 damages for his alleged false arrest by the defendants. His suit was dismissed in the lower court on exceptions of prematurity and of no right or cause of action which were based on the ground that he had failed to allege that the criminal charge, for which the arrest was made, had been dismissed or the proceedings otherwise terminated.
 

 Plaintiff appealed to this court from the judgment sustaining the exceptions. After the transcript was lodged here, the defendants moved to remand the case to the lower court in order to have that court determine whether the issues in the case have become moot by reason of plaintiff’s conviction of the misdemeanor which formed the basis of the alleged false arrest.
 

 We are unable to consider the motion to remand as we find that we are without jurisdiction of the appeal. An examination of the petition discloses that the damages claimed are highly inflated and that plaintiff could not possibly expect to obtain a judgment exceeding $2,000, which is the minimum jurisdiction of this court in cases of this kind under section 10 Article VII of the Constitution.
 

 The arrest alleged in the petition is professed to have been false because the defendant officers made it without a warrant for a misdemeanor committed out of their presence. For this asserted illegal act, plaintiff seeks to recover $5,000 for embarrassment, humiliation and mental anguish and $5,000 for the mental anguish, shock, embarrassment and humiliation suffered by his wife, in whose presence the arrest occurred. The damages sustained by plaintiff’s wife cannot be considered as part of his claim. Those damages are her separate property and are recoverable by her alone under Article 2402 of the Civil Code.
 

 With respect to the claim of $5,000 for plaintiffs mental anguish, embarrassment and humiliation, it is manifest that he would not be entitled to more than nominal damages for the alleged technical legal invasion of his rights. There is no charge of undue physical violence by the officers or any allegation of special damage resulting from the tortious act. In the absence of such allegations, an award of more than a nominal amount would be improper.
 

 The jurisprudence is firmly established that plaintiff’s allegations as to the amount of damages sustained by him will
 
 *233
 
 not control in determining the appellate jurisdiction of this court where the nature of the case is such that an award in plaintiff’s favor could not exceed our minimum jurisdiction. Bright v. Thompson, 38 La. Ann. 801; Lea v. C. A. Orleans, 46 La. Ann. 1444, 16 So. 456; Nick v. Bensberg, 123 La. 351, 48 So. 986; Bloomfield v. Thompson, 133 La. 209, 62 So. 634 and Walsh v. Bush, 206 La. 303, 19 So.2d 144.
 

 It is therefore ordered that this case be transferred to the Court of Appeal, First Circuit, the transfer to be made within 30 days after this decree has become final, otherwise, the appeal is to be dismissed. The plaintiff is to pay the costs of appeal to this court and the costs of transferring the case to the Court of Appeal.