SIMON, Justice.
Plaintiff, alleging himself to be the owner of certain property[1] as well as the timber growing and standing thereon, filed this •suit against defendants [2] for the wrongful cutting, felling and removal of said timber. He prayed that defendants be adjudged in legal and moral bad faith and condemned to pay in solido the sum of $2,467.29, the ■ alleged manufactured value of the timber so cut and removed. Alternatively he prayed that should the Court find the defendants are not in moral but in legal bad faith, then that the said defendants be condemned to pay in solido the sum of $2,033.43, the alleged manufactured value of said timber, less the cost of the manufacturing thereof. In the further alternative, he prayed that should the Court find the defendants neither in legal nor in moral bad faith, then the defendants should be condemned to pay in solido the sum of $774.23, the alleged stumpage value of said timber.
Defendants denied any liability whatsoever to plaintiff.
After trial on the merits the district court concluded that the defendant Barron was in legal bad faith in cutting and removing plaintiff’s timber and rendered judgment ■condemning the said defendant to pay the sum of $1,060.85 together with legal interest from date of judicial demand until paid, as well as all costs.
James Barron, the only defendant affected by the adverse decision, has appealed suspensively to this Court. Plaintiff has answered and prays that the judgment be amended by increasing the amount allowed therein from $1,060.85 to $2,467.29. In his brief and in argument, however, plaintiff contends that the judgment appealed from should be amended by increasing the amount of the award from $1,060.85 to $1,527.71, or, alternatively, to the sum of $1,073.04.
On examining the record with the view of determining our jurisdiction, we find by the evidence adduced that the amount in dispute at the time the case was submitted to district court for decision did not exceed the sum of $2,000.
*1079 In an effort to sustain jurisdiction in this Court, counsel for appellant maintains that this suit is to recover a sum in excess of $2,000.00 exclusive of interest for alleged cutting of timber, and that therefore appellate jurisdiction is vested in this Court under the provisions of La.Const.1921, Art. 7, Sec. 10, LSA.
In determining the question of jurisdiction this Court is not bound to accept the allegations of the petition but will look into the record to ascertain the real amount in dispute. Allegations of jurisdictional facts are not the exclusive test of jurisdiction. Wilkins v. Gantt, 32 La.Ann. 929; Lea v. Orleans, 46 La.Ann. 1444, 16 So. 456; Spearing v. Whitney-Central Nat. Bank, 129 La. 607, 56 So. 548; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817.
In the case of Nash v. Curette, 218 La. 789, 51 So.2d 71, 73, with reference to the appellate jurisdiction of this Court, we pronounced the following principles: “It is well settled in the jurisprudence of this state that a plaintiff’s allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court where the nature of the case, as disclosed by the record, is such that an award in plaintiff’s favor could not exceed our minimum jurisdiction of $2000.00. See Bensel v. Kuhlman, 154 La. 150, 97 So. 347; Guidry v. Breaux, 158 La. 1002, 105 So. 43; Trahan v. Breaux, 212 La. 459, 32 So.2d 845.
“Further, it is well settled that, where the allegations of damages are evidently exaggerated, they will be disregarded by this court in passing upon the question of jurisdiction. Quaglino v. Curren, 127 La. 126, 53 So. 464; French v. Trout Creek Lumber Co., 141 La. 18, 74 So. 575; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Buck v. Latimer, 151 La. 883, 92 So. 372; Lo Cicero v. Societa Italiana Di M. B. Christoforo Columbo, 151 La. 887, 92 So. 373; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Walsh v. Bush, 206 La. 303, 19 So.2d 144.”
In the early case of Wunderlich v. New Orleans Ry. & Light Co., 143 La. 626, 79 So. 80, this court held that, “ * * * where the appellate jurisdiction depends upon the amount involved, the question of amount will be determined by the circumstances disclosed by the records, rather than by the allegations of the litigants * * *. Wilkins v. Gantt, 32 La.Ann. 929; State ex rel. Police Jury of Livingston Parish v. Miscar, 34 La.Ann. 834; Buddig v. Baldwin, 38 La. Ann. 394; Pinckney v. Wolf, 41 La.Ann. 306, [6 So. 27] ; Johnson v. Hosmer, 108 La. 697, 32 So. 961; Leury v. Baton Rouge Compress Co., 117 La. 956, 42 So. 439; Schlemmer v. Howard, 120 La. [321] 322, 45 So. 263; Nick v. Bensberg, 123 La. 351, 48 So. 986; Weis v. [New Orleans] Board of Trade, 125 La. 1010, 52 So. 130; Bloom *1081 field v. Thompson, 133 La. [209] 211, 62 So. 634.”
In the instant plaintiff concedes that the record reflects that defendant Barron cut, felled and removed and manufactured into lumber at his mill 11,249 feet of rosemary pine and 13,209 of hardwood; that the converted or manufactured value of the rosemary pine so removed is $65 per M, or $735.17, and that of the hardwood at $60 per M, or $792.54, making a total converted value of $1,527.71, the amount which plaintiff contends he is entitled to be paid.
In his first alternative plea plaintiff contends that if the cost of manufacturing is deducted as a result of legal and not moral bad faith he is entitled to be paid the sum of $1,073.04 instead of the amount awarded by the court below.
In his second alternative plea plaintiff concedes that if the removal of the timber was without legal or moral bad faith then he is entitled to recover its stumpage value, or the sum of $522.32.
Thus it is readily seen from the record itself, the allegations of the petition notwithstanding, that plaintiff has inflated his claim, and that under the proof adduced by the parties the value thereof could not support the requirement that the amount in dispute at the time the case was submitted to the district court exceed the sum of $2,000 so as to vest appellate jurisdiction in this court.
Accordingly, for the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of LSA-R.S. 13 :4441 and 13:4442, the records to be filed in such court by appellants within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. All costs of the appeal to this Court shall be paid by appellant; all other costs to await final disposition of the cause.
HAMLIN, J. ad hoc, absent.

. The South Half of the Northeast Quarter of the Northwest Quarter (S% of NE% of NW%) and the Southeast Quarter of the Northwest Quarter (SE% of •■ N'WJi)., Section Thirty-Nine (39), Town- . ship Four (4) North, Range Two (2) East, Rapides Parish, Louisiana.

. James Barron, Glen Denny, Ed Berlin and Guy Berlin.