104 So.2d 168

Alphonse L. BREAUX

v.

Thelma A. Mitchell SIMON et al.

No. 42992.

June 27, 1958.

Benton & Moseley, Baton Rouge, for defendants-appellants.

Robert R. Stone, Elsie May Whitman, Lake Charles, for plaintiff-appellee.

SIMON, Justice.

The City of Sulphur, Louisiana entered into a contract with Beaumont Construction Company, a partnership composed of Thelma A. Mitchell Simon and Fred Simon, for the construction and laying of certain sanitary sewer lines and water lines throughout various places and parts of the territorial limits of the City of Sulphur.

Plaintiff filed this suit in tort against the said contractors [1] and the City of Sulphur,

1. On motion of plaintiff the suit against the said contractors was dismissed with prejudice.

claiming· damages in the total sum of $4,290 allegedly resulting from and during the course of the construction of the sewer project, which he itemized· as follows:

| | | |
|---|---|---:|
| (a) | Estimated cost to rebuild and cover with shell the said private road, and to repair .bridge | $1000.00 |
| (b) | Estimated cost to re-dig drainage ditches and correct the drainage stoppage above alleged | 200.00 |
| (c) | Repair to fence in two places caused by cutting as above alleged | 30.00 |
| (d) | Replace private property road signs destroyed as above alleged | 5.00 |
| (e) | Charges· for pulling automobile out of mud due to condition of road | 5.00 |
| (f) | Damage and· depredation to grass in yard of petitioner as above alleged | 50.00 |
| (g) | Inconvenience and annoyance caused by being deprived of use of private road for approximately 15 days | 250.00 |
| (h) | Unlawful invasion and trespass on private property and rights of petitioner | 1000.00 |
| (i) | Fees of attorney for bringing and prosecuting this action | 750.00 |
| | Total of above damages | $4290.00 |

The district court rendered judgment in favor of plaintiff awarding punitive damages for the trespass in the sum of $250 and compensatory damages to plaintiff's property in the sum of $692, the amount proved to be required to rebuild plaintiff's private road. Defendants timely appealed to the Court of Appeal, First Circuit, which court declined jurisdiction of this case and transferred it to this Court on the ground that the amount in dispute exceeded $2,000.

On examining the record with a view of determining our appellate jurisdiction we take cognizance, ex proprio motu, of the fact that the amount in dispute at the time the case was submitted to the district court for decision did not exceed the sum of $2,000, notwithstanding the failure of the parties to have raised this issue in this Court. Maginnis Land & Improvement Co. v. Marcello, 168 La. 997, 123 So. 653; Town of Springhill v. Murphy, 170 La. 1054, 129 So. 634; State v.

Green, 210 La. 190, 26 So.2d 693; State v. Ware, 228 La. 713, 84 So.2d 56.

In the recent case of Levy v. Andress-Hanna, Inc., 232 La. 562, 94 So.2d 668, we cited with approval the holdings of this Court relative to our appellate jurisdiction found in Harris v. Barron, 231 La. 1076, 93 So.2d 663, as follows:

" 'In determining the question of jurisdiction this Court is not bound to accept the allegations of the petition but will look into the record to ascertain the real amount in dispute. Allegations of jurisdictional facts are not the exclusive test of jurisdiction. Wilkins v. Gantt, 32 La.Ann. 929; Lea v. Orleans, 46 La.Ann. 1444, 16 So. 456; Spearing v. Whitney-Central Nat. Bank, 129 La. 607, 56 So. 548; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817.

" 'In the case of Nash v. Curette, 218 La. 789, 51 So.2d 71, 73, with reference to the appellate jurisdiction of this Court, we pronounced the following principles: "It is well settled in the jurisprudence of this state that a plaintiff's allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court where the nature of the case, as disclosed by the record, is such that an award in plaintiff's favor could not exceed our minimum jurisdiction of $2000.00. See Bensel v. Kuhlman,

154 La. 150, 97 So. 347; Guidry y. Breaux, 158 La. 1002, 105 So. 43; Trahan v. Breaux, 212 La. 459, 32 So. 2d 845.

" ' "Further, it is well settled that, where the allegations of damages are evidently exaggerated, they will be disregarded by this court in passing upon the question of jurisdiction. Quaglino v. Curren, 127 La. 126, 53 So. 464; French v. Trout Creek Lumber Co., 141 La. 18, 74 So. 575; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Buck v. Latimer, 151 La. 883, 92 So. 372; Lo Cicero v. Societa Italiana Di M. B. Christoforo Columbo, 151 La. 887, 92 So. 373; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Walsh v. Bush, 206 La. 303, 19 So.2d 144."

" 'In the early case of Wunderlich v. New Orleans Ry. & Light Co., 143 La. 626, 79 So. 80, this court held that, " * * * where the appellate jurisdiction depends upon the amount involved, the question of amount will be determined by the circumstances disclosed by the records, rather than by the allegations of the litigants * * *. Wilkins v. Gantt, 32 La.Ann. 929; State ex rel. Police Jury of Livingston Parish v. Miscar, 34 La.Ann. 834; Buddig v. Baldwin, 38 La.Ann. 394; Pinckney v. Wolf, 41 La.Ann. 306, (6 So. 27); Johnson v. Hosmer, 108 La.

697, 32 So. 961; Leury v. Baton Rouge C. Co., 117 La. 956, 42 So. 439; Schlemmer v. Howard, 120 La. (321) 322, 45 So. 263; Nick v. Bensberg, 123 La. 351, 48 So. 986; Weis v. (New Orleans) Board of Trade, 125 La. 1010, 52 So. 130; Bloomfield v. Thompson, 133 La. (209) 211, 62 So. 634.'''" [232 La. 562, 94 So.2d 669.]

■ It has long been the settled law in Louisiana that only compensatory damages, and not punitive damages, may be recovered in an action for tort. Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591.

In the instant case plaintiff's claim for compensatory damages does not exceed $2,000, and there is no evidence in the record affirmatively showing that plaintiff would be entitled to an increase of the award for compensatory damages made by the trial court such as would cause the amount in dispute to be in excess of $2,000, and thereby vest jurisdiction in this Court. La.Const.1921, Art. VII, Sec. 10, LSA. The record is barren of evidence to show any difference in the value of the property before and after the construction of the sewer system in order to establish the value of alleged damages to the property resulting therefrom.

■ The record does not disclose any basis for plaintiff's claim for attorney's fee. On numerous occasions this Court has said that ordinarily attorney's fees are not accessible as an item of damages unless provided for by law or by contract. The clear import of the language of the opinions is that no award of attorney's fees can be made if not so particularly authorized. Winkler v. Ascension Bank & Trust Co., 182 La. 69, 161 So. 23; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331; Brantley v. Tugwell, 223 La. 763, 66 So.2d 800; Griffin v. Bank of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437; Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43; Ferguson v. Belcher and Son, 230 La. 422, 88 So.2d 806; and McNeill v. Elchinger, 231 La. 1090, 93 So.2d 669.

Under the circumstances and facts of this case and the law of this State, we think it clear that the Court of Appeal, First Circuit, erred in holding that it did not have jurisdiction of the appeal herein.

Accordingly, for the reasons assigned, it is ordered that this appeal be retransferred to the Court of Appeal, First Circuit, pursuant to the provisions of LSA–R.S. 13:4441–13:4442, the record to be filed in that court by appellant within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed. Appellant is to pay the costs incurred in this Court, the taxation of all other costs is to be deferred until final disposition of the case.

TATE, J., recused.