On Rehearing
Before ELLIS, LOTTINGER and TATE, JJ.
TATE, Judge.
The foregoing original opinion on the merits contains a full statement of the issues of this litigation. Rehearing was granted, limited to consideration of the award by the trial court of $250 “for trespass on plaintiff’s property.”
Both in our opinion transferring this appeal to the Supreme Court, Breaux v. City of Sulphur, La.App., 85 So.2d 723, and in bur above initial opinion on the merits we had interpreted such award to have been in the nature of punitive damages. Accordingly, we initially disallowed recovery fór this item in order to comply with the holding of the Supreme Court, in re-transferring the appeal to this court, that punitive damages are not recoverable in Louisiana. 235 La. 453, 104 So.2d 168.
Rehearing was granted, however, due to plaintiff-appellee’s earnest insistence that such award by the trial court was in the nature of compensatory rather than punitive damages. Thorough reconsideration of the pleadings and evidence herein has induced in us the conclusion that this contention of the plaintiff-appellee is correct and that therefore recovery for this item should be affirmed.
As will be seen by reference to the findings of fact of the trial court excerpted in our initial opinion, the plaintiff landowner suffered two types of damage or taking when the appellant City laid without his consent a sewer line across property owned by him in fee or by servitude: (1) The destruction of his private road about 475' in length, which was constructed upon a servitude in his favor; (2) The laying of the City’s sewer line across the west end of property owned by plaintiff in fee.
While in our original opinion above we affirmed the award of $692 (the cost of repairing the private road) which thus compensated plaintiff for the first type of damage, the deletion by us of the additional $250 award “for trespass on plaintiff’s [own} property” had the effect .of denying plain *125 tiff any recovery at all for the taking of or damage to his own home property caused by the unauthorized construction of the sewer line across the west end thereof. In the light of the evidence in this record and the findings of the District Court, we believe that the aforesaid award was intended to compensate plaintiff for this unauthorized expropriation of his private property to public use.
Plaintiff produced evidence and a survey to prove that the sewer line was laid within and across the entire front (west) end of his property for a distance of 166 feet, at an angle commencing about 25' within his property at the south and tapering to the northwest corner. This was contradicted by a survey made by the City surveyor several months after the trespass had occurred which tended to show that the line was instead 3-10 feet west (outside) of plaintiff’s property line. We may simply state, without detailed discussion, that we find no error in the trial court’s acceptance of the plaintiff’s over the City’s survey.
The award to plaintiff of compensation for this unauthorized taking or damaging of his private property by the defendant City was therefore proper. Art. 1, Section 2, La. Constitution of 1921, LSA; Gallett v. City of Sulphur, La.App. 1 Cir., 85 So.2d 771, certiorari denied.
Further, we find no manifest error in the amount of this award. That the sum of only $150 was awarded for the unauthorized taking of a servitude for sewerage purposes across 225 feet of the landowner’s property in the companion Gallett case, above cited, whereas the greater amount of $250 is allowed for laying the sewer herein across only 166 feet, is explained by the circumstance that in the former case the sewer line was laid in a roadway subject to and restricted in use by a servitude of passage in favor of another (i.e., Breaux, the present plaintiff), whereas in the present instance the sewer line is laid across the front end of plaintiff’s home place, which is not encumbered by servitude for any other use and which otherwise would be free for the unrestricted use by its owner, the plaintiff herein. Cf., American Tel. & Tel. Co. v. East End Realty Co., 223 La. 532, 66 So.2d 327, 329.
We are unable to agree with the defendant’s contention that the Supreme Court opinion remanding this appeal to this court specifically eliminated the award in question. Not at issue for decision therein was the question of whether the present award was punitive or compensatory, and the high court’s opinion simply held that punitive damages are not recoverable and that the present record showed no basis for an increase in compensatory damages sufficient to exceed the amount necessary to confer upon it appellate jurisdiction.
For the above and foregoing reasons, our original decree herein is amended so as additionally to affirm the trial court’s award of $250 for the taking or damaging of plaintiff’s property by laying a sewer line across the west end thereof. The trial court award is thus affirmed in full.
Affirmed.