GLADNEY, Judge.
This is an action by plaintiffs, husband and wife, against the defendant for breach of contract. Following a trial, judgment was rendered in favor of the plaintiffs in the amount of $266.72. The defendant appealed, and appellees have answered the appeal praying for the allowance of $150 as attorney’s fees, and ten per cent of the amount of the judgment as damages for frivolous appeal.
The written contract, the breach of which is the basis of this suit, was dated September 7, 1956, and provided for the care of certain shade trees on plaintiffs’ property for a period of five years. The plaintiffs were obligated to pay an annual retainer fee of $57 and defendant agreed to make an annual inspection, and to prune and fertilize the trees every two years. The agreement provided it could be terminated by mutual consent.
The defendant performed the first year and was paid the stipulated price in the contract. He was late performing his work during the course of the second year and plaintiffs allege that such work was not completely satisfactory, but nonetheless, defendant was paid the annual fee. There *861 after, although demands were made that he live up to his contract, the defendant failed to perform the services prescribed and on April 14, 1959, he wrote to plaintiffs advising he was canceling the tree maintenance contract as of said date. On receipt of this letter, plaintiffs wrote defendant April 17, 1959, they expected him to carry out the contract and that unless he indicated before April 30, 1959, that he would do so they would engage others to do the work and charge the cost to the defendant. Accordingly, when defendant failed to comply, plaintiffs contracted with the Morrison Tree Service to perform the same work which defendant had agreed to do, and such work was performed at a cost of $237.50. This item is sought to be recovered by plaintiff’s petition, together with an additional sum of $29.22 which Mrs. Hamilton testified was due to repair work to her roof which was damaged by falling limbs from trees which defendant had agreed to prune but did not. The foregoing items make up the sum allowed in the judgment.
The foregoing facts are not disputed, defendant admitting his execution of the contract, its partial performance and his unilateral attempt to terminate the contract against the consent of the plaintiffs.
Upon trial of the case, plaintiffs sought to establish proof of attorney’s fees of $150, an item of damages claimed in the petition. We are of the opinion this is not a case in which attorney’s fees may be allowed. Attorney’s fees are not accessible as an item of damages unless provided for by law or contract. Chauvin v. La Hitte, 1956, 229 La. 94, 85 So.2d 43; Breaux v. Simon et al, 1958, 235 La. 453, 104 So.2d 168.
Counsel for appellant in brief before this court contends “there is no binding contract between the parties because there is lacking mutuality of obligations, and, consequently, of consideration.” We can find no factual basis to support this conclusion. The written contract between the parties and the overt breach by defendant is admitted in the answer and by the defendant as a witness. The contract plainly provided for an annual fee to be paid to the defendant for his work and it was stipulated the contract could be terminated only by mutual agreement. Therefore, as it appears to us, the defense is lacking in merit and plaintiffs are entitled to recover the amount allowed in the judgment.
Plaintiffs asserts in answer to the appeal that no serious defense has been urged and the court should allow damages as for frivolous appeal, relying upon Article 907 of the Code of Practice, which reads:
“The court, in confirming a judgment appealed from, shall compel the appellant to pay all the costs. It may even condemn him to pay to the appellee, if the latter claims it by his answer, such damages as it may think equivalent to the loss which he has sustained by the delay consequent on the appeal, provided the amount of such damages shall not exceed ten per cent on the value of the amount in dispute.”
True, there docs not appear to be merit in the defense urged, but we find counsel has been diligent in presenting his case both to the trial court and to this court and there is no proof the appeal was taken simply for the purpose of delay, nor is there sufficient evidence to justify an allowance of damages under Article 907 of the Code of Practice. Southwest Steel Corporation v. Jumonville, 1955, 228 La. 240, 81 So.2d 875; Moore v. Vives et al, 1950, 49 So.2d 363.
For the reasons hereinabove set forth, the judgment from which appealed is affirmed at appellant’s cost.