ON REHEARING
Before REGAN, SAMUEL, JOHNSON, HALL and JANVIER, JJ.
SAMUEL, Judge.
 On application of the plaintiff, in which he contended that an attorney’s fee should have been awarded in our original judgment, we granted a rehearing limited to that question.
Ordinarily attorney’s fees are not recoverable as an item o'f damages; an award of such fees can be made only if provided for by statute or by contract. Scurria v. Russo, La.App., 134 So.2d 679; Breaux v. Simon, 235 La. 453, 104 So.2d 168; Bentley *490 , v. Fischer Lumber & Mfg. Co., 51 La.Ann. .451, 25 So. 262; see 34 Tul.L.Rev. 146. This rule is applicable in the instant case and, there being no statute which provides for the payment of an attorney’s fee as damages under the facts involved herein, whether or not such a fee shall be awarded depends entirely upon the provisions of the contract between the litigants.
Originally we refused to allow an attorney’s fee for the reason that, although the contract specified that the “vendee” agreed to pay such fees in the event it became necessary for the “vendor” to place the contract in the hands of an attorney for collection, there was no sale of property involved, and the contract contained no explanation as to who was the “vendor” and who was the “vendee”. After more mature consideration we have reached the opposite conclusion.
The contract, for repair and partial reconstruction of a roof and waterproofing of a wall with all work and materials furnished by plaintiff, is in the form of a written offer by plaintiff on one page of his business stationery with a written acceptance by the defendants on the same page. On the upper part of that page, below the date and the address of defendants’ company and .above the details of the typewritten offer, in easily read print, is the following paragraph :
“All agreements are made and orders accepted contingent upon strikes, fires, accidents or other causes beyond our control. It is understood that all parties signing this order (except vendor) are jointly and severally liable, as vendees, for payment in its entirety. Should it become necessary for vendor to place this contract in the hands of an attorney for collection, the vendees agree to pay 20 per cent of the principal and interest as attorney’s, fees, plus costs, the minimum of which is hereby set at fifteen dollars.”
It is true that the contract is not a sale under Article 2439 of the LSA-Civil Code which provides: “The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.” And, strictly in a literal, legal sense, neither plaintiff nor defendants are “vendor” or “vendees”. But we are not primarily concerned with the literal meaning. Under LSA-Civil Code Arts. 1945 and 1950 we must ascertain the true and common intent of the parties rather than adhere to the literal sense of the two words involved.
The second sentence of the quoted contract paragraph, which reads: “It is understood that all parties signing this order (except vendor) are jointly and severally liable, as vendees, for payment in its entirety”, clearly shows the intention to refer to one party as vendor and the other as vendees. The second and third sentences, considered together, show the intent of the parties as to which is vendor and which vendees. For the contract calls for the payment of money only by the defendants and under its terms the defendants, as so-called vendees, are jointly and severally liable for such payment. In addition, the third sentence, which refers to the necessity of vendor placing the contract in the hands of an attorney for “collection" could only refer to the plaintiff for the reason that the defendants, as the only parties to the contract required to make payment, are the only ones against whom “collection” could be effected. We are now of the opinion that the intent of the parties is evident and that the quoted contract paragraph is unambiguous and susceptible of no interpretation other than that plaintiff is the “vendor” and defendants the “vendees”.
Since our original decree was incorrect, but only insofar as the award of an attorney’s fee is concerned, it is now recalled and annulled and the judgment appealed from is amended and affirmed so as to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of the plain *491 tiff, Julian J. Loeb, d/b/a National Roofing and Siding Company, and against the defendants, David Rabin, Howard Rabin and Star Sales Company, jointly and in solido, in the full sum of TWO THOUSAND THREE HUNDRED SEVENTY ($2,370.-00) DOLLARS, with legal interest thereon from date of judicial demand until paid, together with 20% of said principal and interest as attorney’s fees, all costs to be paid by defendants.
Original decree recalled and annulled; amended and affirmed.